14 January 2000

                         No. 3--98--0433

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2000

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 97--CF--606

  )

WILLIE E. LINDSEY,              )  Honorable

  )  Daniel W. Gould,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:               

________________________________________________________________

Following a bench trial, defendant Willie E. Lindsey was convicted of unlawful possession of a controlled substance (cocaine) with intent to deliver and unlawful possession of cannabis with intent to deliver (720 ILCS 570/401(c)(2), 550/5(d) (West 1996)).  He was sentenced to concurrent terms of 10 and 4 years' imprisonment, respectively, and ordered to pay a $2,000 drug assessment fee.  Defendant appeals, claiming that (1) the trial court erred in arraigning him and accepting his jury waiver when defendant was present only by closed circuit television; and 
(2) he is entitled to monetary credit for 218 days of pre-

sentence custody.  We affirm defendant's conviction and grant a $1,090 credit against his drug assessment fee.

FACTS

The record shows that defendant appeared via closed circuit television for all pre-trial proceedings without objection.  On February 4, 1998, the date set for trial, defendant asked to speak with counsel.  Following a recess, defendant informed the court that he wished to waive his right to a jury trial.  The court admonished defendant of the rights he was giving up and ensured that defendant's choice was made understandingly.  Then, the court obtained defendant's written jury waiver and reset the case for a bench trial.  

At trial, the State's evidence established that on October 8, 1997, Kankakee police officers executed a search warrant of a house occupied by Nikeya Hairston.  Both Hairston and defendant were among the persons present in the house when the police arrived.  In one of the bedrooms, the officers found a safe containing cocaine, cannabis, a scale, currency and various receipts and other documents containing the names of defendant and Hairston.  Packaging materials and another box containing cannabis and cocaine were recovered from other rooms in the house.  Defendant's fingerprints were identified on two of the plastic baggies seized by the police.

Defendant's brother, Andre Ries, testified for the defense.  Ries testified that he lived with Hairston at the time of the raid and that defendant had entrusted his safe with Ries while defendant was out of town.  He denied that the safe had cannabis and cocaine inside when he last saw it.  He said Hairston had the keys to the safe.

At the close of the evidence, the court found defendant guilty as charged. The court subsequently sentenced defendant and granted jail time credit for the period of defendant's pre-

sentence incarceration.

PRETRIAL PROCEEDINGS VIA CLOSED CIRCUIT TELEVISION

Defendant first argues that his arraignment and jury waiver were defective because his appearance via closed circuit television during those procedures violated Illinois law and defendant's constitutional rights.  Having failed to object in the trial court, defendant asks this court to consider the issue as plain error.

1.  The Right to Be Present and Plain Error

By statute, a defendant may appear for pre-and post-trial proceedings by closed circuit television if his physical presence is not constitutionally required and the court has established rules for the use of closed circuit television.  725 ILCS 5/106D-

-1 (West 1996).  In the absence of waiver by words or conduct, a defendant in a felony case has a constitutional right to be physically present at every "critical stage" of the proceedings.  U.S. Const., amend. VI, XIV; Ill. Const. 1970, art. I, §8; 
People v. Young
, 201 Ill. App. 3d 521, 558 N.E.2d 1287 (1990).  A critical stage is any proceeding at which constitutional rights can be asserted or waived, or where events occur that could prejudice the defendant's trial.  
Young
, 201 Ill. App. 3d 521, 558 N.E.2d 1287.

Where the defendant fails to object to the denial of his right to appear in person at a critical stage,
 he may be deemed to have consented, and a challenge to the procedure is waived on review absent plain error.  See
 
People v. Bean
, 137 Ill. 2d 65, 560 N.E.2d 258 (1990).  A procedural defect is plain error if the evidence of guilt was closely balanced or the defendant was deprived of substantial rights.  
People v. Keene
, 169 Ill. 2d 1, 660 N.E.2d 901 (1995).

For purposes of our review, a substantial right is a constitutional right of due process which, if denied, deprives the defendant of his right to fundamental fairness during the proceedings at issue.  See 
Bean
, 137 Ill. 2d 65, 560 N.E.2d 258; 
People v. Beeftink
, 21 Ill. 2d 282, 171 N.E.2d 632 (1961); see also 
People v. Washington
, 171 Ill. 2d 475, 665 N.E.2d 1330 (1996).  The right to appear in person is not a substantial constitutional right in itself, but a lesser right serving as a means of securing substantial rights of due process.  
Bean
, 137 Ill. 2d 65, 560 N.E.2d 258.

Defendant in this case does not argue on appeal that the evidence of his guilt was closely balanced.  Therefore, our inquiry focuses solely on whether defendant's physical presence was required to protect fundamental due process rights at the proceedings in question under the Illinois and United States Constitutions.  See 
Bean
, 137 Ill. 2d 65, 560 N.E.2d 258; 
Washington
,
 171 Ill. 2d 475, 665 N.E.2d 1330.

2.  Was Defendant Deprived of Substantial Rights Under the 

Illinois Constitution? 

Defendant contends that his arraignment and waiver of a jury trial
 are critical stages at which he had a constitutional right to appear in person.  He further argues that the violation of this right without evidence that the circuit court complied with the statutory requirement that it establish by rule or order which proceedings may proceed via closed circuit television constitutes error so grave and prejudicial as to require a reversal of his conviction.  The State does not dispute that the proceedings are critical stages, but argues that defendant has failed to show how his right to due process was impaired by his appearance at these proceedings via closed circuit television.

a.  Arraignment

A defendant in this state has a right to appear "in open court" for his arraignment.  725 ILCS 5/113–1 (West 1996).  His personal appearance secures a fundamental constitutional right of due process; 
i.e.
, the right to be informed of the nature and cause of criminal charges against him.  
People v. DiLorenzo
, 169 Ill. 2d 318, 662 N.E.2d 412 (1996).  Therefore, any violation of rules requiring a defendant 
to appear in person for arraignment is plain error if the violation impaired the defendant's right to know the nature and cause of the charges against him.  See 
People v. Johnson
, 34 Ill. 2d 202, 215 N.E.2d 204 (1966).

In this case, defendant has failed to show that his closed circuit television appearance prejudiced him or impaired his right to due process.  The record gives no indication that defendant did not understand the charges and the possible penalties he faced.  Accordingly, we cannot say that defendant's television appearance at arraignment was plain error under the Illinois Constitution.

b.  Waiver of Jury

A defendant in this state also has a right to execute a jury waiver in "open court."  725 ILCS 5/103–6 (West 1996).  His personal appearance at this stage of proceedings secures a substantial constitutional right to make his election knowingly and understandingly. 
 
People v. Tooles
, 177 Ill. 2d 462, 687 N.E.2d 48 (1997); 
People v. Scott
, 186 Ill. 2d 283, 710 N.E.2d 833 (1999). 
 Therefore, a violation of the right to appear in person is plain error if the violation impaired the defendant's right to make an informed decision with regard to a jury or bench trial.  
Tooles
, 177 Ill. 2d 462, 687 N.E.2d 48.   

The record before us demonstrates that the trial court  admonished defendant of the nature of the right he was giving up in selecting a bench trial.  Defendant exercised his right to speak privately with counsel before entering his jury waiver.  He has not shown that his waiver was less than knowing and intelligent.  Thus, we cannot conclude that defendant's closed circuit television appearance at this stage impaired a substantial right of due process under the Illinois Constitution.

c.  Promulgation of Rules for Use of Closed Circuit Television

Defendant also argues that plain error was committed because the circuit court did not implement rules for the use of closed circuit television.  The record does not disclose whether the court complied with its statutory duty to promulgate rules setting forth which proceedings could be conducted by closed circuit television.  See 725 ILCS 5/106D--1 (West 1996).  It is defendant's responsibility to present us with a complete record.  Without more, we must presume the circuit court has complied with the statutory mandate. 

Therefore, we conclude that any error in defendant's closed circuit television appearances was waived and did not constitute plain error under the Illinois Constitution.

3.  Was Defendant Deprived of Substantial Rights Under the United States Constitution?
  

We reject as well defendant's argument that his appearance via closed circuit television violated Federal constitutional guarantees.  Defendant has presented no basis for analyzing rights under the United States Constitution more broadly than those we have considered under the state constitution.  See 
Washington
, 171 Ill. 2d 475, 665 N.E.2d 1330.  As indicated above, defendant has not shown that the risk of his misunderstanding the nature of the proceedings or making pre-

trial decisions without full awareness of their consequences was increased by the use of closed circuit television.  See 
Larose v. Hillsborough County Correction Administration
, 702 A.2d 326 (N.H. 1997).  Accordingly, defendant's claim of plain error under the due process clause of the United States Constitution must fail as well.  See 
Bean
, 137 Ill. 2d 65, 560 N.E.2d 258.  

SENTENCING CREDIT

Defendant also contends that he is entitled to a reduction of his drug assessment fee to reflect a $5-per-day credit for 218 days of pre-sentence custody.  The State concedes error in this regard.  See 
People v. Brown
, 242 Ill. App. 3d 465, 610 N.E.2d 776 (1993).  Accordingly, we hereby modify defendant's sentencing order to reflect a $1,090 reduction in the amount owed for the drug assessment.

CONCLUSION

For the reasons stated, we affirm defendant's conviction and reduce his drug assessment fee by $1,090.  

Affirmed as modified.

SLATER, P.J., and HOLDRIDGE, J., concur.