++ Notepad File ++ 

                         No. 3--99--0614

(Consolidated with Nos. 3--99--0615, 3--99--0616 and 3--99--0617)

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2001

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois

Plaintiff-Appellee,       )

                                )  Nos. 97--CF--201, 97--CF--495,

v.                         )  98--CF--346 and 98--CF--719

  ) 

THADDEUS SPEED,                 )  Honorable

  )  Daniel W. Gould,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

  PRESIDING JUSTICE HOMER delivered the opinion of the court:      ________________________________________________________________

The defendant, Thaddeus Speed, pled guilty and was convicted of attempted possession of a stolen motor vehicle (case No. 97--CF--495) and unlawful possession of a weapon by a felon (case No. 98--CF--346) (625 ILCS 5/4--103(a)(1), 720 ILCS 5/8--4, 24--1.1

(a) (West 1996)).  Pursuant to plea negotiations, the defendant was sentenced on September 1, 1998, to 30 months of probation.  He was subsequently charged with unlawful possession of a controlled substance (cocaine) with intent to deliver (case No. 98--CF--719) (720 ILCS 570/401(c)(2) (West 1998)) and violation of the terms of his probation.  Following a stipulated bench trial, the defendant was convicted of the drug offense, and his probation was revoked.  He was sentenced to 10 years' imprisonment in No. 98--CF--719, to be served concurrently with 4-year terms imposed in Nos. 97--CF--495 and 98--CF--346.  The defendant appeals from his convictions in all three cases.
(footnote: 1)  He contends that the court erred by conducting proceedings via closed circuit television.  For reasons that follow, we affirm the defendant's conviction in No. 98--CF--719 and dismiss his appeal in Nos. 97--CF--495 and 98--CF--346.

FACTS

The record shows that the defendant made his first appearance in person in Nos. 97--CF--495 and 98--CF--346 on August 19, 1997, and May 29, 1998, respectively.  In both cases, he was assigned services of the public defender and thereafter appeared for proceedings only via closed circuit television.  On September 1, 1998, pursuant to a negotiated agreement with the State, the defendant pled guilty to attempted possession of a stolen motor vehicle and unlawful possession of a weapon by a felon.  The court accepted the defendant's pleas and imposed concurrent 30-month periods of probation, as agreed.  The defendant was admonished of his appeal rights, but he did not move to withdraw and vacate judgment or perfect an appeal from his convictions or sentence.

On November 12, 1998, the defendant was charged in No. 98--CF--719 with unlawful possession of a controlled substance with intent to deliver.  Upon return of the indictment in that case, the State petitioned for revocation of the defendant's probation in the two earlier cases.  On June 1, 1999, the defendant appeared via closed circuit television and waived his right to a jury trial.  After admonishing the defendant of the rights he was waiving and ensuring that the defendant's decision was knowing and voluntary, the court accepted the jury waiver and set the cause for a bench trial.  

On June 30, 1999, the defendant appeared in person for trial.  At the close of the evidence, the court found the defendant guilty of the drug delivery offense in No. 98--CF--719.  The court also found that the defendant had violated the terms of his probation in the earlier cases.  The defendant was subsequently sentenced to 10 years' imprisonment for the drug offense, to be served concurrently with 4-year sentences imposed for the earlier offenses.  The defendant appeals. 

JURY WAIVER IN NO. 98--CF--719

The defendant first argues that he is entitled to a new trial in No. 98--CF--719, because the court's acceptance of his jury waiver over closed circuit television violated his constitutional rights and Illinois law.  Having failed to object in the trial court, the defendant asks this court to consider the matter as plain error. 

Our resolution of this issue is controlled by our recent decision in 
People v. Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841 (2000), 
appeal allowed
, 189 Ill. 2d 670 (2000).  In 
Lindsey
, as here, the defendant was arraigned and his jury waiver was accepted at proceedings where the defendant appeared from the jail via closed circuit television.  We ruled that no plain error was committed because the evidence of guilt was not closely balanced and there was no basis to believe that fundamental due process protections were denied by the video procedure.  We also ruled that the defendant could not prevail on his claim that the circuit court's failure to promulgate rules for the use of closed circuit television proceedings was plain error.  
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

The record in this case, as in 
Lindsey
, provides no basis for finding plain error.  The defendant does not argue that the evidence of guilt was closely balanced.  Nor does he contend that his closed circuit television appearance affected the fairness of the jury waiver proceeding.  From the record, it appears that the defendant was informed of the nature and cause of the charge he faced, and his waiver of a jury trial was both knowing and intelligent.  Accordingly, we conclude that the defendant was not deprived of substantial rights and his video appearance was not, therefore, plain error.  
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

We further find that plain error did not result from the trial court's alleged noncompliance with the statutory directive to promulgate rules setting forth which proceedings may be conducted by closed circuit television.  See 725 ILCS 5/106D--1 (West 1998).  The record does not disclose whether the court had complied with its statutory duty to promulgate rules setting forth which proceedings could be conducted via closed circuit television.  See 725 ILCS 5/106D--1 (West 1998).  However, even were we to assume that it did not, we would conclude that such defect did not impair the fairness of the jury waiver proceeding or constitute plain error.  See 
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

Therefore, we affirm the defendant's conviction in No. 98--CF--719.

GUILTY PLEAS IN NOS. 97--CF--495 AND 98--CF--346

Next, the defendant claims that the trial court erred in accepting his guilty pleas via closed circuit television in Nos. 97--CF--495 and 98--CF--346.  Having failed to perfect an appeal from these convictions, he argues that the court's use of closed circuit television rendered his convictions void.  

A void judgment is one entered by a court without jurisdiction or by a court that exceeded its jurisdiction by entering an order beyond its inherent power.  
People v. Wade
, 116 Ill. 2d 1, 506 N.E.2d 954 (1987).  A void judgment may be corrected at any time.  
People v. Davis
, 156 Ill. 2d 149, 619 N.E.2d 750 (1993).  By contrast, a voidable judgment is one entered erroneously by a court acting within its jurisdiction and is correctable on review if a timely appeal is taken.  See 
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750.  

To appeal from judgment entered on a guilty plea, a defendant must first file in the trial court, within 30 days of the date sentence is imposed, a motion to withdraw his plea and vacate judgment.  145 Ill. 2d R. 604(d).  The appeal is perfected by filing a notice of appeal within 30 days of the denial of the motion to withdraw.  145 Ill. 2d R. 604(d); Official Reports Advance Sheet No. 22 (November 3, 1999), R. 606(b), eff. December 1, 1999.  An appeal from a sentence entered upon revocation of probation does not revive voidable errors in the guilty plea proceeding.  
People v. Stueve
, 66 Ill. 2d 174, 361 N.E.2d 579 (1977).  Thus, when the steps set forth in Rules 604 and 606 were not taken and the defendant seeks relief from his conviction only after probation is revoked, the appellate court is without jurisdiction to review the underlying judgment unless that judgment is void.  See 
People v. Morrison
, 298 Ill. App. 3d 241, 698 N.E.2d 671 (1998).

The defendant claims that his guilty pleas were void in this case because the trial court lacked (1) personal jurisdiction over him when he pled guilty; and (2) authority to accept his guilty pleas when he was not physically present in the courtroom.

1.  Personal Jurisdiction

A criminal defendant confers personal jurisdiction on the trial court when he appears personally before it.  
People v. Kleiss
, 90 Ill. App. 3d 53, 412 N.E.2d 39 (1980).  Once jurisdiction is acquired, it continues throughout a period of probation and no subsequent error will oust the court's jurisdiction over the defendant's person.  See 
People v. Speight
, 72 Ill. App. 3d 203, 389 N.E.2d 1342 (1979); 
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750.

In this case, the defendant made his first appearances in person on August 19, 1997, and May 29, 1998, thereby conferring personal jurisdiction on the court.  Contrary to the defendant's argument on appeal, his subsequent appearances via closed circuit television, even if erroneous, did not oust the court's jurisdiction over his person.  See 
Speight
, 72 Ill. App. 3d 203, 389 N.E.2d 1342. 

2. Authority to Accept Guilty Pleas

Next, the defendant claims that the circuit court lacked authority to conduct the guilty plea hearing by closed circuit television in violation of Supreme Court Rule 402 (177 Ill. 2d R. 402) and section 106D--1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/106D--1 (West 1998)).  

a.  Supreme Court Rule 402

Rule 402 states that "[t]he court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him of and determining that he understands [specific admonitions]."  177 Ill. 2d R. 402.  In 

People v. Guttendorf
, 309 Ill. App. 3d 1044, 723 N.E.2d 838 (2000), this court held that the defendant's guilty plea hearing over closed circuit television violated both Rule 402 and the defendant's constitutional right to be present, and we ruled that the proceeding thus conducted was plain error.  Accordingly, we reversed the trial court's denial of the defendant's motion to withdraw his plea and remanded the cause for further proceedings.   The defendant relies on 
Guttendorf
 in support of his argument that the trial court in this case lacked authority to enter judgment on his guilty pleas.  The defendant's reliance is misplaced.  Unlike here, the defendant in 
Guttendorf
 perfected an appeal from the judgment of conviction.  We found the right to be present in person at the guilty plea hearing was a substantial constitutional right that was not waived by the defendant's failure to object.  
Guttendorf
, 309 Ill. App. 3d at 1048, 723 N.E.2d at 841.  However, we did not rule that the trial court lacked 
authority
 to impose a conviction and sentence where the guilty plea was taken via closed circuit television.

When a court with inherent power to enter an order commits a procedural error while exercising that power, the error does not render the court's judgment void, but merely voidable.  Compare 
In re Steinfeld
, 158 Ill. 2d 1, 630 N.E.2d 801 (1994) (failure to comply with procedural requirements, including requirements concerning respondent's presence in courtroom during hearing, did not void court's judgment), with 
People v. McCarty
, 94 Ill. 2d 28, 39, 445 N.E.2d 298, 304 (1983) (judgment declared void because error that was "not a procedural irregularity, *** but an error of law by the trial court involving the substantive reach of [a] criminal statute").  Therefore, as a general rule, a judgment entered on a defective proceeding must be timely appealed to confer appellate jurisdiction.  
Morrison
, 298 Ill. App. 3d 241, 698 N.E.2d 671.  This rule encompasses defects of constitutional dimension.  
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750; see also 
People v. Dieterman
, 243 Ill. App. 3d 838, 613 N.E.2d 298 (1993) (double jeopardy violation). 

The error committed in this case violated Rule 402 but did not defeat the trial court's jurisdiction to enter convictions based on the defendant's pleas.  The error, even though of constitutional dimension, was clearly procedural and rendered the defendant's convictions voidable, but not void.  Accordingly, we hold appellate jurisdiction may not be found on the basis of the trial court's violation of Supreme Court Rule 402.  See 
Morrison
, 298 Ill. App. 3d 241, 698 N.E.2d 671.

b.  Section 106D--1

Finally, the defendant claims that the circuit court's judgment is void because the court violated the statute requiring the circuit court to promulgate rules for the use of closed circuit television appearances.  725 ILCS 5/106D--1 (West 1998). Section 106D--1, like Supreme Court Rule 402, is a rule of procedure which, if violated, does not deprive the circuit court of its inherent authority to enter a conviction upon a guilty plea.  Accordingly, even assuming that the court had not instituted rules in compliance with the statute at the time of the proceedings in this case, the defendant's convictions in Nos. 97--CF--495 and 98--CF--346 were not void and may not be attacked in this appeal.  See 
Morrison
, 298 Ill. App. 3d 241, 698 N.E.2d 671.   CONCLUSION

For the reasons stated, we affirm the defendant's conviction in No. 98--CF--719, and we dismiss the appeal in the Nos. 97--CF--495 and 98--CF--346.

No. 98--CF--719, Judgment affirmed.

Nos. 97--CF--495 and 98--CF--346, Appeals dismissed.

HOLDRIDGE, J., concurring.

JUSTICE LYTTON concurring in part and dissenting in part: 

At the moment the video camera was turned on at defendant's guilty plea hearing in cases 97--CF--491 and 98--CF--346, the court's power to conduct the hearing was extinguished.  See 
People v. Guttendorf
, 309 Ill. App. 3d 1044, 723 N.E.2d 838 (2000).  In 
People v. Davis
, 156 Ill. 2d 149, 156, 619 N.E.2d 750, 754-55 (1993), our supreme court stated that:

"the term 'subject matter' jurisdiction means the power to hear and determine a given case.  [Citation.]

Some authorities, including this court, have held that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction.  Without such power the judgment or sentence is void.  ***

*** [A] judgment or decree may be void where a court has exceeded its jurisdiction."

The majority relies on cases involving procedural errors or defects to bolster its case.  See 
Davis
 and 
People v. Dieterman
, 243 Ill. App. 3d 838, 613 
N.E.2d
 298 (1993).  These cases found that since the trial courts had the power to act in the first instance, the judgments or orders were merely voidable.  
Dieterman
, however, distinguished cases where "there is some defect that goes to the very foundation of the conviction."  
Dieterman
, 243 Ill. App. 3d at 843, 613 
N.E.2d
 at 301.

This court has recently decided two cases that point to the profound distinctions between different types of so-called "procedural defects": 
Guttendorf
 and 
People v. Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841 (2000), pet. for leave to appeal allowed No. 89138.  In 
Guttendorf
, this court found a guilty plea hearing on closed circuit television denied the defendant "a substantial right at a critical stage of the proceedings under the United States Constitution, which deprived him of fundamental fairness during the proceeding."  
Guttendorf
, 309 Ill. App. 3d at 1048, 723 N.E.2d at 841.  On the other hand, 
we found that where the defendant appeared at his arraignment on video, his substantial right to due process was not impaired.  
Lindsey
, 309 Ill. App. 3d at 1035, 723 N.E.2d at 845.  
Lindsey
 involved procedural defects; 
Guttendorf
 implicated a substantial violation of defendant's due process rights at a critical stage of his trial.

Either defendant's video appearance at his guilty plea hearing deprives him of fundamental fairness or it does not.  If it does, the proceeding is void.  If it does not, 
Guttendorf
 was wrongly decided, and the majority should say so.

The majority says that 
Guttendorf
 did not rule that the trial court had no "
authority
 to impose a conviction...." (Emphasis in original.)  
People v. Speed
, No. 3--99--0614, slip op. at 8 (___, 2001).  However, 
Guttendorf
 says exactly that.  
Guttendorf
 says that under the federal and state constitutions, courts are "
not
 
permitted
" to hold guilty plea hearings without the defendant's physical presence.  (Emphasis added.)  
Guttendorf
, 309 Ill. App. 3d at 1047, 723 N.E.2d at 841.  Does the majority really believe that hearings which are "not permitted" are somehow "authorized"?

In 
Guttendorf
, this court agreed that a guilty plea hearing is equivalent to a full trial.  
Guttendorf
, 309 Ill. App. 3d at 1046, 723 N.E.2d at 840.  Would the majority seriously maintain that a video jury trial conviction is merely voidable in a collateral proceeding?  Although I ask this question rhetorically, its obvious answer illustrates the gravity of the error committed by the majority today.

The plea in this case was constitutionally invalid from its inception.  Such a constitutional defect goes to the heart of the conviction.  See 
Dieterman
, 243 Ill. App. 3d at 843, 613 N.E.2d  at 301.  Simply put, the trial court had no power to conduct the guilty plea hearing in this case, let alone enter a conviction.

Affirming the conviction in this case significantly contradicts our reasoning and undermines our ultimate holding in 
Guttendorf
.  For these reasons, I dissent.

I concur, however, with that portion of the majority opinion finding that the jury waiver issue in 98--CF--719 was waived and does not constitute plain error.  See 
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

FOOTNOTES
1:
The defendant was also convicted of unlawful possession of a controlled substance in No. 97--CF--201 and filed a notice of appeal from that conviction (cause No. 3--99--0615 on appeal).  However, he makes no argument with respect to No. 97--CF--201 in this consolidated appeal.  Therefore, no further reference to the conviction in No. 97--CF--201 will be made in our disposition herein.