No. 3--01--0055 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 10th Judicial Circuit,

       )  Peoria County, Illinois,

Plaintiff-Appellee,        ) 

       )

v.                         )  No. 00--CF--477

  ) 

DAVID LEE WILLIAMS,       ) Honorable

                 )  Erik Blanc,

Defendant-Appellant.       )  Judge, Presiding.

________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

The defendant, David Lee Williams, was convicted of aggravated battery (720 ILCS 5/12--4(a) (West 2000)) and the trial court sentenced him to five years’ imprisonment.  Defendant appeals, contending (1) he was not proven guilty beyond a reasonable doubt; (2) the trial court erred in admitting expert testimony regarding the "cycle of domestic violence"; and (3) 
his right to be present at critical stages of the criminal proceeding was violated as a result of his arraignment by closed-circuit television.  
We reverse and remand.

FACTS

Defendant was charged by information with aggravated battery.  He appeared by closed-circuit television for his arraignment without objection.  At trial, Sabrina Napue testified she had been dating defendant and she was pregnant with his child.  One night while defendant was sleeping, Napue took $250 from his pants pocket.  She left the apartment and bought crack cocaine and a pint of vodka with the money. 

When she returned, Napue woke defendant and they began drinking the vodka and smoking the crack cocaine.  Around midnight, defendant became upset that Napue had taken the money from his pocket and they began arguing.  Defendant started to leave the apartment.  Napue testified she threw chili soup at defendant and then 
picked up a knife and tried to stop him from leaving.  
Defendant took the knife from Napue, pushed her out of the way and left the apartment.  

Napue testified she ran upstairs to another apartment in an attempt to find a telephone to call the police department.  Napue did not find anyone who had a telephone so she ran back downstairs.  As she was running down the stairs, she fell and broke her wrist.  She later found a woman in the parking lot who called the police department using her cellular telephone.    

A police officer arrived and spoke with Napue.  Napue acknowledged she told the officer that defendant had hit her several times, pushed her into the walls and pushed her to the ground.  However, she testified that she had exaggerated or lied regarding her description of the events because 
she was very angry at defendant and 
under the influence of drugs and alcohol when she made her statement. 
 

Officer Michael Perkins of the Peoria police department testified that he responded to this call.  When he arrived, Napue was screaming and appeared to be in pain due to an injury to her wrist.  Napue stated defendant had shoved her to the floor, causing the injury to her wrist.  She also stated that defendant had shoved her into walls in the apartment and hit her in the head and face.  
Perkins spoke with Napue again after she was transported by ambulance to St. Francis Hospital 
and she repeated the same information she had given him earlier. 

Perkins further testified he had been a police officer for 13 years and had received at least 100 hours of training with regard to domestic violence, with 30 to 40 of those hours on the nature of the relationship between a victim and abuser.  Perkins also stated he had completed approximately 20 hours of college and police course work which involved the study of the "cycle of domestic violence" and that he had responded to approximately 10,000 domestic violence calls.  Based on this foundation, Perkins testified regarding the cycle of domestic violence whereby two people in a domestic relationship get along well, followed by a phase where they have disagreements and it becomes violent.  The violence is later followed by a "honeymoon" phase.  Perkins testified this cycle is known to occur repeatedly in certain relationships.

The State also introduced a letter defendant wrote to Napue which stated "they can’t do a dam [sic] thing but throw it out if they don’t got a victim.  All I got to do is stay strong and hope you don’t come forward.  Actually you could come forward and tell them to f--- off and then I wouldn’t have to sit in this got dam [sic] hell house."  

The jury found defendant guilty of aggravated battery.  Defendant filed a posttrial motion in which he alleged several trial court errors, but did not object to his arraignment by closed-circuit television.  The trial court denied defendant’s motion and sentenced him to five years’ imprisonment. DISCUSSION

Defendant contends the State failed to prove him guilty beyond a reasonable doubt because Napue’s prior inconsistent statements were the only evidence presented by the State.

When faced with such a claim, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).  This standard applies to all evidence, including prior inconsistent statements.  
People v. Curtis
, 296 Ill. App. 3d 991, 696 N.E.2d 372 (1998).  Prior inconsistent statements alone may be sufficient to support a conviction.  
People v. Zizzo
, 301 Ill. App. 3d 481, 703 N.E.2d 546 (1998).  The trier of fact must weigh the conflicting statements and determine which is more credible.  
People v. Arcos
, 282 Ill. App. 3d 870, 668 N.E.2d 1177 (1996).  We will not reassess the witnesses’ credibility or reweigh their testimony, since these functions belong to the jury.  
People v. Jimerson
, 127 Ill. 2d 12, 535 N.E.2d 889 (1989).  A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant’s guilt.  
People v. Flowers
, 306 Ill. App. 3d 259, 714 N.E.2d 577 (1999).

In this case, the jury was presented with two conflicting accounts of the events.  The jury was required to weigh the credibility of Napue’s prior inconsistent statements against her trial testimony.  The jury obviously believed Napue’s prior inconsistent statements were more credible than her testimony at trial.  
We note that the credibility of Napue’s prior statements was bolstered by her apparent excited state at the time they were made.  On the other hand, the credibility of Napue’s trial testimony was questionable in light of defendant’s letter in which he asked her not to testify.  It is the jury’s function to make credibility determinations, and we will not overturn their findings in this regard on appeal.

According to Napue’s statements prior to trial, defendant hit her several times, pushed her into the walls of the apartment and pushed her to the ground, causing her to break her wrist
.  Napue’s statements were corroborated by the injury to her wrist.  When viewed in the light most favorable to the prosecution, this evidence is sufficient to prove defendant guilty of aggravated battery.  Accordingly, we conclude that the State presented sufficient evidence to prove defendant guilty of aggravated battery beyond a reasonable doubt.  

Defendant also contends the trial court erred in allowing police officer Michael Perkins to testify as an expert witness with regard to the cycle of domestic violence.  Defendant asserts this testimony was not admissible because it was not helpful to the jury, it was used to improperly bolster Napue’s prior inconsistent statements and it did not reflect reliable and generally accepted scientific principles.

Expert testimony is admissible if: (1) the proffered expert’s experience and qualifications afford him knowledge not common to laypersons; (2) such testimony would aid the fact-finder in reaching its decision; and (3) the testimony reflects generally accepted scientific or technical principles.  
People v. Enis
, 139 Ill. 2d 264, 564 N.E.2d 1155 (1990).  When a party seeks to introduce evidence beyond the knowledge of an average individual, 
a proper foundation by way of expert testimony is required.  
People v. Vega
, 145 Ill. App. 3d 996, 496 N.E.2d 501 (1986).  The trial court must determine the admissibility of expert testimony, and the court has wide discretion in making that determination.  
People v. Leggans
, 253 Ill. App. 3d 724, 625 N.E.2d 1133 (1993). 

In this case, Officer Perkins did not refer to the specific source by which he obtained information regarding the cycle of domestic violence.  Instead, he simply testified that he had 13 years’ experience as a police officer, had attended training in domestic violence and had taken college and police courses in this area.  There was no testimony regarding the scientific basis for this evidence.  The State did not present any treatise or other evidence which indicated the general acceptance of the cycle of domestic violence in the scientific community.  Further, the State does not cite any case in which the cycle of domestic violence was found to be a generally accepted scientific principle, and we have not found any such case.  Based on this record, we find the State did not establish that the cycle of domestic violence constitutes a generally accepted scientific or technical principle.  Accordingly, a proper foundation for the evidence was not established.

Moreover, expert testimony should not be used to give an opinion as to the credibility of a witness at trial.  
People v. Simpkins
, 297 Ill. App. 3d 668, 697 N.E.2d 302 (1998).  In 
Simpkins
, the defendant was charged with aggravated criminal sexual assault.  At trial, the child victim recanted her allegations that defendant had sexually assaulted her.  An investigator from the Department of Children and Family Services then testified that child victims of sexual abuse commonly recant their initial allegations of sexual abuse, and further testified as to the frequency and cause of this occurrence.  On appeal, the court held that this testimony severely impinged upon the jury’s function of determining credibility of witnesses and assessing the facts of the case.  In so holding, the court stated that the expert testimony was essentially a commentary on the believability of the child’s testimony.  
Simpkins
, 297 Ill. App. 3d 668, 697 N.E.2d 302.   

Similarly, Officer Perkins’ testimony regarding the cycle of domestic violence was essentially an opinion as to the credibility of the various statements made by Napue.  The testimony was offered to show that many victims of domestic abuse recant their initial statements because they make amends with the abuser.  Therefore, the expert testimony was an explanation for Napue’s conflicting statements which tended to bolster her initial statements and discredit her trial testimony.  Accordingly, we conclude that the trial court abused its discretion in admitting this testimony.  See also 
People v. Howard
, 305 Ill. App. 3d 300, 712 N.E.2d 380 (1999) (expert testimony regarding battered woman syndrome constituted a commentary on credibility of witness’ testimony).

The State contends that any possible error in admitting this testimony was harmless.  As a general proposition, an error in the admission of evidence may be analyzed using the harmless error rule.  
People v. Hobson
, 169 Ill. App. 3d 485, 525 N.E.2d 895 (1988).  An error may be deemed harmless beyond a reasonable doubt if other evidence against the defendant is so overwhelming that there is no doubt of the defendant’s guilt.  
People v. Wilkerson
, 87 Ill. 2d 151, 429 N.E.2d 526 (1981).

Here, the evidence against defendant was closely balanced.  It is clear that this case turned on the credibility of Napue’s out-of-court statements as opposed to the believability of her trial testimony.  Officer Perkins’ testimony was a direct comment on the relative credibility of these statements.  Accordingly, the testimony concerning the cycle of domestic violence was very significant in this case and cannot be deemed harmless error.  We conclude that the error in admitting the expert testimony denied defendant a fair trial.  We therefore reverse defendant’s conviction and remand the cause for a new trial.   

Finally, defendant asserts that his right to be present at all proceedings was violated due to his arraignment by closed-circuit television.  
W
e note that defendant did not preserve this issue for appeal by objecting at the time of his arraignment, at the trial or in a posttrial motion.  
Failure to so object results in a waiver of this issue on review.  See 
People v. Ward
, 154 Ill. 2d 272, 609 N.E.2d 252 (1992).  

A violation of the rule requiring a defendant to appear in person for arraignment is plain error only if the defendant's right to be informed of the nature and cause of the charges against him was impaired.  
People v. Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841 
(2000).  There is nothing in the record to indicate that the defendant was unaware of the nature and cause of the charges against him.  Accordingly, we find that the arraignment by closed-circuit television was not plain error.  
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

HOLDRIDGE and McDADE, J.J., concur.