(No. 48254.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM STUEVE, Appellee.

*Opinion filed March 23, 1977.*

William J. Scott, Attorney General, of Springfield, and John G. Satter, Jr., State's Attorney, of Pontiac (James B. Zagel, Jayne Carr Thompson, Assistant Attorneys General, of Chicago, G. Michael Prall, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of counsel) for the People.

Richard J. Wilson, Deputy Defender, and Daniel D. Yuhas, Assistant Defender, Office of State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, William Stueve, as a part of a plea agreement, pleaded guilty in the Livingston County circuit court on May 10, 1974, to separate counts of an indictment charging the unlawful possession of a controlled substance and the attempted delivery of a controlled substance. The State nol-prossed a third count alleging attempted delivery to a second person. Stueve was sentenced to 2 years' probation with the first 31 days to be served in the county jail. He did not appeal. On March 11, 1975, the State filed a petition to revoke probation, alleging that Stueve committed theft of over $150 on or about September 19, 1974. At the hearing thereon Stueve admitted his plea of guilty and conviction of that offense, his probation was revoked, and a single sentence of 2 to 6 years, with credit for the time spent on probation, was imposed. Stueve appealed therefrom. The Appellate Court for the Fourth District, in a Rule 23 order, affirmed the possession conviction and reversed the conviction for attempted delivery (32 Ill. App. 3d 1090). We allowed the State's petition for leave to appeal.

The appellate court stated as its reason for reversing the attempted delivery conviction that the facts supporting the charges were "insufficient to show that the two offenses were not part of a single transaction and were

independently motivated." Those facts, as related to the court by the State's Attorney and agreed to by defendant and his counsel were:

"The factual basis to these charges is that at 6:00 p. m., on February 20, 1974, a vehicle pulled into a gas station at Odell, Illinois, in Livingston County. In the vehicle were five persons, including the defendant who was driving. The female persons from the car staggered and fell when they attempted to walk. After getting gas the defendant approached the young man named Charles Fogarty and offered to sell him some reds or trade him reds for joints. This offer was refused and immediately reported to the Police. The Sheriff's Deputies spotted the car on Route 66 and noticed some erratic driving before they stopped it about 3 miles north of Route 23. When the defendant stepped out of the driver's seat the officers saw a red capsule on the floormat to the left of the driver's seat. When the defendant indicated he had no prescription, he was placed in the squad car and the other four persons were removed. The Officer then found another red capsule on the floormat of the left rear seat area. After the arrest the defendant used the name of John Torgerson but finally identified himself as William Lee Stueve and gave a written statement admitting his purchase of reds and his attempt to sell some reds at the gas station. The red capsules recovered by the Police were sent to the Crime Laboratory for analysis and contained Barbituric Acid. Reds is a common term for capsules containing Barbituric Acid or Barbiturates. The other slang term, 'joints,' is a slang term for Marijuana."

While we doubt the correctness of the appellate court's view that both convictions cannot stand, it is unnecessary to decide that question in our disposition of this case.

The major issue is the question of the jurisdiction of the appellate court, on an appeal from an order revoking probation and imposing sentence, to inquire into the validity of the convictions upon the basis of which probation was originally granted. That question, although apparently argued in the appellate court, was not ad-

dressed in that court's order. At the time defendant was admitted to probation our Rule 604(b) provided:

> "A defendant who has been found guilty and admitted to probation may appeal from the judgment and may challenge the finding of guilty and the conditions of probation. He may also appeal from a judgment altering the conditions of or terminating probation." (Ill. Rev. Stat. 1973, ch. 110A, par. 604(b).)

Rule 606(a) stated:

> "*** No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." (Ill. Rev. Stat. 1973, ch. 110A, par. 606(a).)

And Rule 606(b) required:

> "The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; or if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the notice of appeal shall be filed within 30 days after the ruling of the court on the application for probation or the denial of the motion. Except as provided in the next paragraph, no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." Ill. Rev. Stat. 1973, ch. 110A, par. 606(b).

Except for the provisions of subsection (c) of Rule 606 permitting delayed appeals in exceptional circumstances here inapplicable, subsections (a) and (c) clearly view the filing of a notice of appeal within 30 days as essential to confer jurisdiction upon the reviewing court. (*People v. Nordstrom* (1967), 37 Ill. 2d 270.) Since defendant filed no notice of appeal from the original judgments entered on his negotiated pleas of guilty, the appellate court could not consider those judgments unless they were void. (*People v. Gregory* (1974), 59 Ill. 2d 111.) Illustrative, also, of the many recent appellate court opinions precluding review of the initial judgment of conviction in an appeal from the revocation of probation are *People v. Willingham* (1976), 38 Ill. App. 3d 612, 614; *People v. Schultz* (1975), 27 Ill. App. 3d 844, 847; *People*

*v. Lambert* (1974), 23 Ill. App. 3d 615, 618; and *People v. Floyd* (1973), 14 Ill. App. 3d 1009, 1011. It scarcely seems necessary to state that the judgment of the circuit court of Livingston County which had unquestioned jurisdiction of the subject matter and the person was not a void judgment whether or not the multiple convictions were proper.

While defendant urges that the provisions of article VI, section 6, of our 1970 constitution that "[t]he Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review" and the language of section 11 of "An Act to establish appellate courts" (Ill. Rev. Stat. 1973, ch. 37, par. 35) stating that appellate courts may "cause any other act to be done which may be necessary to enforce the due administration of justice in all matters, suits or proceedings, which could or might by appeal *** be brought within their respective jurisdictions ***" permit the action taken by the appellate court here, we do not agree. Those provisions were not designed to permit appellate review or action in the circumstances present here.

The judgment of the Appellate Court for the Fourth District is accordingly reversed, and the judgment of the circuit court of Livingston County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*