THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD DIETERMAN, JR., Defendant-Appellant.

Second District  No. 2—91—0225

Opinion filed April 30, 1993.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, and Sherry R. Silvern, of Aurora, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

The trial court granted the State's petition to revoke the probation of defendant, Richard Dieterman, and resentenced defendant to 2½ years' imprisonment. On appeal, defendant claims that his underlying conviction of felony driving while his licence was revoked (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(d)) violated the prohibition against double jeopardy in both the United States and the Illinois Constitutions.

Defendant was charged with the misdemeanor of driving while his license was revoked on May 10, 1988 (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(a)). Defendant pleaded guilty to that offense. The cause was continued until June 9, 1988, for sentencing. The State moved to vacate defendant's guilty plea and charge defendant with felony driving while his license was revoked at the June 9, 1988, sentencing hearing (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(d)). Defendant moved to dismiss the felony charge on the ground that it violated the double jeopardy clause because he had already pleaded guilty to a misdemeanor stemming from the same conduct that formed the basis of the felony charge.

The trial court held a hearing on July 29, 1989, on the State's motion to vacate and defendant's motion to dismiss. The hearing revealed the following facts. Prior to May 24, 1988, Assistant State's Attorney Donald Larson informed defendant's attorney, David Towns, that the State intended to enhance the misdemeanor charge against

defendant to a felony. Charles Popp, also defendant's attorney, convinced Assistant State's Attorney Margy Kreitlow to represent the State at defendant's plea hearing so that defendant could enter his guilty plea to the misdemeanor charge. Popp informed neither the trial court nor Kreitlow that Larson intended to file the felony charge. Kreitlow claimed in an affidavit that she was unaware at the plea hearing that Larson intended to file a felony charge against defendant. Larson claimed in an affidavit that he was outside the courtroom working on negotiations in another case when the trial court heard the misdemeanor plea. Larson claimed that had he been present he would have approached the bench, filed the felony information, and attempted to convince the trial court not to accept the plea to the misdemeanor.

The trial court denied defendant's motion to dismiss the felony charge and granted the State's motion to vacate defendant's plea to the misdemeanor charge. The trial court found that prosecuting defendant on the felony charge did not violate double jeopardy. Specifically, the trial court found that the defense had "circumvented" the State's attempt to file the felony charge. According to the trial court:

> "[T]he defendant is not allowed to come in quickly with a plea of guilty in order to avoid the filing of the enhanced charge, and the defense here was aware that the State was preparing to do that even though they [sic] had not done it."

Defendant pleaded guilty to the felony charge on October 7, 1988, and the trial court sentenced him to two years' probation and nine months' work release or periodic imprisonment. The trial court later reduced defendant's sentence of work release or periodic imprisonment to seven months. Defendant never directly appealed this guilty plea or sentence.

The State filed a petition to revoke defendant's probation on May 23, 1990, which charged that defendant drove with his license revoked on October 28, 1988, and April 13, 1989. Defendant admitted to driving while his license was revoked on April 13, 1989, and the State, in exchange, dismissed the allegation that he drove with his license revoked on October 28, 1988. The trial court found that defendant had violated the terms of his probation, and it sentenced him to 2½ years' imprisonment and a $500 fine.

Defendant appeals the trial court's revocation of his probation and the sentence the court then imposed. He claims that the underlying felony conviction was void because it resulted from a prosecution which violated the double jeopardy clauses of the United States and Illinois Constitutions. We affirm.

The fifth amendment to the United States Constitution provides that "[n]o person shall *** be subject for the same offense to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) The Illinois Constitution, article I, section 10, provides that no person shall "be twice put in jeopardy for the same offense." Ill. Const. 1970, art. 1, §10.

■ Supreme Court Rule 604(d) provides that a defendant must file a motion to withdraw his guilty plea and vacate the judgment within 30 days of the date when sentence is imposed, in order to appeal a judgment entered on a guilty plea. (134 Ill. 2d R. 604(d).) If the trial court denies this motion, defendant must file a notice of appeal within 30 days in order to preserve his right to appeal. (134 Ill. 2d Rules 604(d), 606(b).) The timely filing of a Rule 604(d) motion and a notice of appeal are jurisdictional prerequisites to a review of defendant's guilty plea. (*People v. Wilk* (1988), 124 Ill. 2d 93, 105; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538.) In an appeal from an order revoking a defendant's probation, the court cannot consider the correctness of the underlying judgment of conviction unless that judgment is void. *People v. Stueve* (1977), 66 Ill. 2d 174, 178.

In *Stueve*, defendant pleaded guilty to one count of unlawful possession of a controlled substance and one count of attempted delivery of a controlled substance. He was sentenced to probation and he did not appeal the judgment. After the trial court granted the State's petition to revoke defendant's probation, defendant appealed, contending that his underlying conviction was improper. The appellate court affirmed the possession conviction but reversed the conviction for attempted delivery on the ground that the factual basis for the guilty plea was insufficient to show that the two offenses were "independently motivated." (*Stueve*, 66 Ill. 2d at 176-77.) The supreme court reversed the appellate court. The supreme court pointed out that "[i]t scarcely seems necessary to state that the judgment of the [trial court] which had unquestioned jurisdiction of the subject matter and the person was not a void judgment whether or not the multiple convictions were proper." (*Stueve*, 66 Ill. 2d at 179.) The supreme court then held that the appellate court did not have jurisdiction to review the judgments of conviction because defendant had not filed a timely notice of appeal from those judgments. *Stueve*, 66 Ill. 2d at 178.

We cannot, therefore, review defendant's double jeopardy claim unless a double jeopardy violation would render void the judgment on defendant's guilty plea to the felony charge. For example, where defendant is convicted of a crime that has no statutory authority, the judgment is void, and defendant can challenge it at any time. *People*

*v. Lev* (1988), 166 Ill. App. 3d 173, 176; *People v. Bratcher* (1986), 149 Ill. App. 3d 425, 429.

*Menna v. New York* (1975), 423 U.S. 61, 46 L. Ed. 2d 195, 96 S. Ct. 241, sheds some light on whether the double jeopardy clause creates a jurisdictional bar to subsequent prosecutions for the same offense. In *Menna,* defendant was held in contempt of court for refusing to testify before a grand jury and sentenced to a term of imprisonment. The following year, the State indicted defendant for the same failure to testify. After the trial court declined to dismiss the indictment on the ground that it violated the double jeopardy clause, defendant pleaded guilty to the offense. In a *per curiam* opinion, the Supreme Court recognized that under *Tollett v. Henderson* (1973), 411 U.S. 258, 36 L. Ed. 3d 235, 93 S. Ct. 1602, a defendant waives many of his constitutional rights by pleading guilty to an offense. The Court held, however, that by pleading guilty a defendant does not waive his right to be free from a successive prosecution in violation of the double jeopardy clause. *Menna,* 423 U.S. at 62, 46 L. Ed. 2d at 197, 96 S. Ct. at 242.

The Court, in a footnote, explained its reasoning as follows:

"Neither [*Tollett*], nor our earlier cases on which it relied [citations], stand for the proposition that counseled guilty pleas inevitably 'waive' all antecedent constitutional violations. If they did so hold, the New York Court of Appeals might be correct [in affirming defendant's conviction on the ground that he waived his objection to the double jeopardy violation by pleading guilty]. However, in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases [citation]. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar that claim.

We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one

which the State may not constitutionally prosecute." (Emphasis in original.) *Menna*, 423 U.S. at 62 n.2, 46 L. Ed. 2d at 197 n.2, 96 S. Ct. at 242 n.2.

Clearly, under *Menna*, defendant in this case could have appealed his felony conviction on the ground that it violated double jeopardy even though that conviction followed a guilty plea. Although defendant admitted factual guilt by pleading guilty, he did not relinquish his objection to being hailed into court in the first place. Nothing in *Menna* indicates, however, that the double jeopardy clause deprives a trial court of jurisdiction to enter a conviction where defendant had been prosecuted previously for the same offense. In fact, the Court stated: "We do not hold that a double jeopardy claim may never be waived." *Menna*, 423 U.S. at 62 n.2, 46 L. Ed. 2d at 197 n.2, 96 S. Ct. at 242 n.2.

■ The double jeopardy clause concerns the very authority of the State to require a defendant to answer its charges. (*Blackledge v. Perry* (1974), 417 U.S. 21, 31, 40 L. Ed. 2d 628, 636, 94 S. Ct. 2098, 2104.) However, it does not, as defendant argues, concern the authority of a trial court to enter a judgment. This is not a case where there is no statutory authority for defendant's conviction or where there is some defect that goes to the very foundation of the conviction. The case law establishes that the right to be free from double jeopardy is a personal right that can be waived. *People v. Scales* (1960), 18 Ill. 2d 283, 285; *People v. Green* (1984), 125 Ill. App. 3d 734, 744; see also *United States v. Broce* (1989), 488 U.S. 563, 575-76, 102 L. Ed. 2d 927, 940, 109 S. Ct. 757, 765-66; *Ricketts v. Adamson* (1987), 483 U.S. 1, 10, 97 L. Ed. 2d 1, 12, 107 S. Ct. 2680, 2686; *People v. Camden* (1987), 115 Ill. 2d 369, 378-79 (defense counsel failed to object to mistrial; therefore, he impliedly acquiesced and second trial was constitutionally permissible).

■ Defendant argues that we can review the double jeopardy violation as "plain error." A reviewing court could review a double jeopardy claim under the plain error doctrine of Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) if defendant had failed to raise the claim before the trial court but had timely appealed his conviction. (*People v. Mink* (1990), 141 Ill. 2d 163, 172.) However, a defendant cannot invoke the plain error doctrine once he has foregone his right to appeal. (See *People v. Owens* (1989), 129 Ill. 2d 303, 316-17.) At the very least, defendant must file a claim under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*) and establish "cause" and "prejudice" for his failure to raise his double jeopardy claim on direct review. *Owens*, 129 Ill. 2d at 317.

844

■ Defendant next argues that he was denied the effective assistance of counsel when his trial counsel failed to file a motion to withdraw his guilty plea to the felony charge and failed to file a notice of appeal. (*Strickland v. Washington* (1984), 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063-64.) Because defendant failed to appeal his conviction, however, we have no jurisdiction to review his claim that the ineffective assistance of his trial counsel rendered his conviction unconstitutional. (*People v. Combs* (1990), 197 Ill. App. 3d 758, 762.) Defendant can only make his ineffective assistance of counsel claim in a petition for post-conviction relief (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*). *People v. Wilk* (1988), 124 Ill. 2d 93, 107.

We are precluded by the doctrine of *res judicata* from considering defendant's double jeopardy claim.

The judgment of the circuit court of Boone County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.