# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Villafuerte-Medrano*, 2012 IL App (2d) 110773

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MANUEL VILLAFUERTE-MEDRANO, a/k/a Oscar Medrano, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0773 |
| Filed | December 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court dismissed defendant's appeal in which he contended that the judgment entered on the forfeiture of his bond in his DUI cases was equivalent to a conviction for aggravated DUI that rendered a subsequent DUI conviction entered on his guilty plea based on the same conduct a violation of the prohibition against double jeopardy, since defendant failed to comply with Supreme Court Rule 604(d) by filing a motion to reconsider his sentence or withdraw his guilty plea and vacate the judgment. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 06-CF-192; the Hon. John H. Young, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Thomas A. Lilien and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Jay Paul Hoffmann both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion.

Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Manuel Villafuerte-Medrano, appeals his conviction of aggravated driving under the influence (aggravated DUI) (625 ILCS 5/11-501(d)(1)(G) (West 2006)), which was entered upon his plea of guilty. He argues that his conviction is void pursuant to double jeopardy principles because judgment had already been entered upon a bond forfeiture, and the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2006)) provides that a bond forfeiture equates to a conviction of the underlying offense. However, defendant's failure to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) requires us to dismiss this appeal without reaching the merits.

¶ 2                                    I. BACKGROUND

¶ 3        Defendant was charged by indictment on June 2, 2006, in case No. 06-CF-192 with two counts of aggravated DUI (625 ILCS 5/11-501(d)(1)(G) (West 2006)), in that he drove while under the influence of alcohol without possessing a valid license. The record is missing many orders but contains a court case search that explains the procedural background through case notes entered by court officials. According to the case notes, there were misdemeanor traffic citations issued for the same conduct in case Nos. 06-DT-129 and 06-TR-4060 through 06-TR-4062. The notes indicate that on September 13, 2006, defendant failed to appear in court; his attorney, Dennis Steeves, withdrew; the court ordered defendant's bond forfeited; an arrest warrant was issued; and the court set the matter for hearing on October 25, 2006. Defendant failed to appear on October 25, and the court finalized the bond forfeiture by entering judgment in favor of the State, listing case Nos. 06-DT-129 and 06-TR-4060 through 06-TR-4062.

¶ 4        On January 22, 2007, defendant was arrested pursuant to the arrest warrant issued in September 2006. Bail was set at $10,000. On January 23, defendant paid the bail bond

amount. The bail bond lists case Nos. 06-CM-41, 06-CM-42, 06-DT-14, 06-CF-192, 06-DT-129, and 06-TR-4060 through 06-TR-4064. Defendant was ordered to appear in court on February 14, 2007. After defendant failed to appear, the court ordered that defendant's bond was forfeited and issued an arrest warrant. Judgment was entered on the bond forfeiture on March 14 for the same case numbers.

¶ 5     Defendant was arrested again on May 27, 2008, on the warrant issued in February 2007. On that date, defendant paid the bail amount and a court date was set for June 13. Defendant appeared on June 13 without counsel. Defendant informed the court that he was hiring counsel. Three new cases were listed as pending against defendant: 07-CM-41 and 07-CM-42 (misdemeanor obstruction of justice and delivery of alcohol to a minor) and 07-DT-14 (misdemeanor DUI). On July 23, defendant failed to appear in court again. On July 25, the court entered an order forfeiting defendant's bond and issued an arrest warrant. On September 3, the bond forfeiture was finalized.

¶ 6     Defendant was arrested on January 3, 2011, pursuant to the arrest warrant issued in September 2008.[1] On March 4, 2011, defendant, through Assistant Public Defender Carie L. Poirier, moved to dismiss case Nos. 06-CF-192, 06-DT-129, and 06-TR-4060. According to the motion, the trial court ordered bond forfeiture finalization on October 25, 2006, and notified the Secretary of State of that judgment. Upon receipt of that judgment, defendant argued, he was "convicted" in case Nos. 06-DT-129 and 06-TR-4060. On June 2, 2006, the State filed a bill of indictment in case No. 06-CF-192, alleging the same conduct as in 06-DT-129, enhanced to a Class 4 felony. Defendant argued that this prosecution was barred pursuant to section 3-4 of the Criminal Code of 1961 (720 ILCS 5/3-4 (West 2010)) and double jeopardy provisions because judgment was entered on the bond forfeiture on October 25, 2006, for case Nos. 06-DT-129 and 06-TR-4060 through 06-TR-4062. The trial court denied the motion. The trial court stated that it did not believe that a bond forfeiture barred the continuation of the underlying case. Thus, it did not believe that the bond forfeiture was a final conviction on the pending cause.

¶ 7     Defendant moved to reconsider this denial on April 26, 2011, stating that the court had denied his motion on March 30 without hearing arguments. Defendant stated that the court considered two cases (*People v. Smith*, 345 Ill. App. 3d 179 (2004), and *People v. Glowacki*, 404 Ill. App. 3d 169 (2010)) when it determined that a bond forfeiture judgment was an "alternative" conviction that may be used to enhance a charge to a felony but was not a "final" conviction for the purposes of defendant's case. Defendant argued that the trial court was incorrect and that, if the State may rely upon a bond forfeiture to a defendant's detriment, he should be allowed to claim its protections. Therefore, he argued, the court erred in denying his motion to dismiss.

¶ 8     The trial court denied defendant's motion for reconsideration on May 18, 2011. On that date, defendant pleaded guilty to count II of the indictment in case No. 06-CF-192. Count I of that indictment was dismissed as well as the other charged offenses in case Nos. 06-DT-

---

[1]An additional felony DUI was mentioned in the reports of proceedings under case No. 08-CF-300, but defendant had not yet been arraigned in that case.

129 and 06-TR-4060 through 06-TR-4062. On July 11, 2011, defendant was sentenced on count II in case No. 06-CF-192 (aggravated DUI), a Class 4 felony, to 18 months' imprisonment. Defendant, without moving to withdraw his guilty plea or for reconsideration of his sentence, appealed on the basis that the court's entry of judgment on his plea was void.

¶ 9                                  II. ANALYSIS

¶ 10      On appeal, defendant argues that the judgment on the bond forfeiture entered on October 25, 2006, was the equivalent of a conviction of aggravated DUI under the Vehicle Code. Therefore, defendant argues, the subsequent DUI conviction entered upon his guilty plea violated double jeopardy protection and was thus a void judgment. Defendant argues that we should address the merits of his appeal despite his failure to move to withdraw his guilty plea, because his conviction is void for violating double jeopardy protection. Defendant argues that a void judgment may be attacked at any time. *People v. Woolsey*, 278 Ill. App. 3d 708, 709 (1996). The State argues that no appeal may be taken from a judgment entered on a guilty plea unless the defendant, within 30 days of the date on which the sentence is imposed, files a motion to reconsider the sentence or withdraw the guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). The State, while agreeing that a void judgment may be attacked at any time, argues that defendant's double jeopardy claim does not involve a void judgment, relying on *People v. Dieterman*, 243 Ill. App. 3d 838 (1993), for this proposition. We agree with the State.

¶ 11      Void orders are orders entered by a court (1) without jurisdiction or (2) that exceeded its jurisdiction by entering an order beyond its inherent power. *People v. Johnson*, 327 Ill. App. 3d 252, 256 (2002). In *People v. Davis*, 156 Ill. 2d 149, 155 (1993), the defendant argued that his double jeopardy claim based on convictions of both a greater and a lesser included offense did not depend on the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 1992)) for its viability, because a conviction that violated double jeopardy constituted a void judgment. Our supreme court rejected this argument, stating that an order is void only when jurisdiction is lacking and that, by contrast, a voidable judgment is one entered erroneously by a court having jurisdiction. *Davis*, 156 Ill. 2d at 155. The court explained that "jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." *Id.* at 156. Once a court has acquired jurisdiction, no subsequent error or irregularity will remove the jurisdiction; thus, a court cannot lose jurisdiction because it makes a mistake in determining either the facts, the law, or both. *Id.* A judgment is void only where a court has exceeded its jurisdiction. *Id.* Although the defendant in *Davis*, like defendant here, claimed that, because the constitution prohibits multiple convictions of the same offense, and the improper conviction thus exceeded constitutional authority, our supreme court stated that such a violation does not remove the court's jurisdiction to render the improper judgment. *Id.* at 157. Thus, the court held that, because the trial court had proper jurisdiction over the defendant and the subject matter, the court had the authority to enter the conviction and the sentence, and even if judgment on both was error, the order was merely voidable, not void. *Id.* In this case, the trial court had proper personal and subject matter jurisdiction to enter the conviction, even if entry of such was

-4-

error. Thus, it is not a void order.

¶ 12        Defendant in this case relies on *Menna v. New York*, 423 U.S. 61, 62 (1975) (*per curiam*), for the proposition that a guilty plea does not waive a claim that the charge is one on which the State did not have the authority to hale him into court and therefore was void. Defendant further relies upon language in *Dieterman* for his argument that the order was void. *Dieterman* stated, "We cannot, therefore, review defendant's double jeopardy claim unless a double jeopardy violation would render void the judgment on defendant's guilty plea to the felony charge." *Dieterman*, 243 Ill. App. 3d at 841. Defendant's reliance on these cases is misplaced.

¶ 13        In *Menna*, the defendant was convicted of refusing to testify before a grand jury and served a 30-day sentence; later, he was indicted for refusing to answer questions in connection with the same investigation. *Menna*, 423 U.S. at 61. The defendant moved to dismiss the second indictment under the double jeopardy clause, but he was unsuccessful. *Id.* at 62. The defendant pleaded guilty, was sentenced, and appealed, claiming that the double jeopardy clause divested the state of the authority to hale him into court on a charge to which he had already pleaded guilty. *Id.* The Supreme Court reversed the appellate court's ruling, which was based on a case that had previously held that a double jeopardy claim was waived by virtue of entering a guilty plea. *Id.* The Supreme Court stated that, where the state was "precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* The Supreme Court explained that it was holding not that a plea of guilty would never serve to waive a double jeopardy claim, but simply "that a plea of guilty to a charge [did] not waive a claim that–judged on its face–the charge is one which the State may not constitutionally prosecute." *Id.* at 62 n.2. *Menna*, therefore, stands for the proposition that a guilty plea does not in itself waive a defendant's claim that his double jeopardy rights were violated. It does *not* conclude that an order that violates a defendant's double jeopardy rights is necessarily void.

¶ 14        The Supreme Court later explained that a voluntary and intelligent guilty plea made by a defendant, who has been advised by competent counsel, may not be collaterally attacked unless one of the exceptions set forth in *Menna* or in *Blackledge v. Perry*, 417 U.S. 21 (1974), exists. *United States v. Broce*, 488 U.S. 563, 574 (1989). The *Blackledge* exception involves situations where prosecutorial vindictiveness affects the defendant's right not to be haled into court in violation of his due process rights. *Id.* at 574-75 (attack on guilty plea allowed where the state filed charges on a greater offense after the defendant appealed conviction on lesser offense, obtained a new trial, and then pleaded guilty to the state's new, greater charges). The Supreme Court explained that the defendant in *Menna* was allowed to attack his guilty plea for the same reason as in *Blackledge*–that the state was precluded by the constitution from haling the defendant into court on a charge. *Id.* at 575. The Supreme Court explained that in "neither *Blackledge* nor *Menna* did the defendants seek further proceedings at which to expand the record with new evidence." *Id.* Rather, "the determination that the second indictment could not go forward should have been made by the presiding judge at the time the plea was entered on the basis of the existing record." *Id.* The Supreme Court explained:

"Both *Blackledge* and *Menna* could be (and ultimately were) resolved without any need to venture beyond that record. In *Blackledge*, the concessions implicit in the defendant's guilty plea were simply irrelevant, because the constitutional infirmity in the proceedings lay in the State's power to bring any indictment at all. In *Menna*, the indictment was facially duplicative of the earlier offense of which the defendant had been convicted and sentenced so that the admissions made by Menna's guilty plea could not conceivably be construed to extend beyond a redundant confession to the earlier offense." *Id.* at 575-76.

¶ 15    Therefore, the *Blackledge/Menna* exception, as the federal courts refer to this, serves to protect those defendants who have otherwise waived certain constitutional protections by pleading guilty where the infirmity in the proceedings lay in the state's power to bring any indictment at all. The facts of *Broce* did not implicate the *Blackledge/Menna* exception, because the indictments to which the defendant pleaded guilty described different conspiracies on their faces. The defendant, therefore, could not, without looking beyond the indictments, prove his claim that only one conspiracy existed and that the entry of judgment on both violated his double jeopardy rights. *Id.* at 576.

¶ 16    Later, in *United States v. Bell*, 70 F.3d 495, 496-97 (7th Cir. 1995), the Seventh Circuit summarized that the *Blackledge/Menna* exception exists if a defect is jurisdictional, such as the unconstitutionality of a statute. The Seventh Circuit has further held that double jeopardy rights can be forfeited by failing to preserve the issue for appeal. *Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006). Importantly, *Menna* did not discuss any issue with the defendant's preservation of the issue for appeal; rather, the appellate court had declined to reach the merits of the defendant's double jeopardy claim, holding that it was waived by virtue of his guilty plea. *Menna*, 423 U.S. at 62. What we glean from the federal case law is that a defendant may appeal his guilty plea on a double jeopardy violation, a right otherwise waived by entry of a knowing and voluntary guilty plea, where the double jeopardy violation can be established on the face of the indictment. *Broce*, 488 U.S. at 575-76. However, such claims can be forfeited if the defendant fails to preserve the issue on appeal. *Gomez*, 434 F.3d at 943. In neither event, though, is the judgment void.

¶ 17    *Dieterman* is consistent with *Menna* and its progeny as well as *Davis* in that the defendant's double jeopardy claim was not waived by virtue of his guilty plea, but it was not properly preserved for appeal. In *Dieterman*, the defendant pleaded guilty to misdemeanor driving while his license was revoked (DWLR), with an assistant State's Attorney (ASA) who was unaware that another ASA had informed the defendant that he planned to change the charge to a felony. *Dieterman*, 243 Ill. App. 3d at 839-40. The State moved to vacate the guilty plea, which the court granted, and the defendant pleaded guilty to the felony DWLR and was sentenced to probation. *Id.* at 840. Later, the State filed a petition to revoke the defendant's probation, charging that he had driven on two dates. *Id.* The court found that the defendant violated his probation and sentenced him to 2½ years' imprisonment. *Id.* The defendant then appealed the revocation of probation, arguing that the underlying felony DWLR conviction was void because it resulted from a prosecution that violated the double jeopardy clause. *Id.* We stated that, in an appeal from an order revoking a defendant's probation, the court cannot consider the correctness of the underlying conviction unless that judgment is void. *Id.* at 841. We went on to conclude that the double jeopardy clause does

not concern the authority of the trial court to enter a judgment; thus, it is not a void order and the right to be free from double jeopardy is a personal right that can be forfeited. *Id.* at 843.

¶ 18       As *Dieterman* explained, the trial court in that case had jurisdiction to enter the conviction that the defendant claimed was a violation of double jeopardy. We explicitly stated that we could not review the defendant's double jeopardy claim "unless [the] double jeopardy violation would render void the judgment on defendant's guilty plea to the felony charge." *Id.* at 841. We stated that, "[f]or example, where defendant is convicted of a crime that has no statutory authority, the judgment is void, and defendant can challenge it at any time." *Id.* Since the order in *Dieterman* was merely voidable, we concluded that, because the defendant failed to preserve the issue for appeal by moving to withdraw his guilty plea under Rule 604(d), he could not invoke plain error and his only avenue for relief was the Post-Conviction Hearing Act. *Id.* at 843.

¶ 19       Here, while *Menna* allows a defendant to raise a double jeopardy claim after entering an otherwise valid guilty plea, defendant's double jeopardy claim was still subject to forfeiture. As *Dieterman* and *Davis* instruct, a double jeopardy violation does not render an order void. The trial court in this case had jurisdiction to enter the order, even if the order implicated double jeopardy protection. Like in *Dieterman*, where the order is not void and the defendant fails to comply with Rule 604(d), the court may not review the double jeopardy claim. Accordingly, the order that defendant attacks in this case is merely voidable and may not be attacked at any time. Defendant was therefore subject to the procedural rules applicable to guilty pleas. While it might seem somewhat anomalous to require a defendant to face a second trial in violation of his double jeopardy rights, Illinois Supreme Court Rule 604(f) allows a defendant to appeal to this court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy. Ill. S. Ct. R. 604(f) (eff. July 1, 2006); see also *People v. Gray*, 214 Ill. 2d 1 (2005). This rule allows a defendant recourse to pursue his double jeopardy claim before facing trial or plea negotiations. Defendant in this case filed a motion to dismiss the indictment on grounds of former jeopardy but did not appeal the denial of that motion to this court. Instead, defendant proceeded to plead guilty, implicating Rule 604(d).

¶ 20       Rule 604(d) provides that no appeal shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a written motion to reconsider the sentence or a motion to withdraw the plea of guilty and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Defendant did not file a written postplea motion within 30 days of the date of sentencing. Accordingly, we are required to dismiss this appeal without reaching the merits of defendant's argument. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 21       For the aforementioned reasons, we dismiss defendant's appeal.

¶ 22       Appeal dismissed.