# Illinois Official Reports

## Appellate Court

---

### *People v. Curry*, 2019 IL App (3d) 160783

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONDWIN R. CURRY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0783 |
| Filed | April 3, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-CF-2786; the Hon. Carmen Julia Goodman, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Dimitri Golfis, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Presiding Justice Schmidt and Justice Carter concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, Tondwin R. Curry, appeals the revocation of his probation and his three-year sentence of imprisonment on his conviction for aggravated driving under the influence of alcohol (DUI). Specifically, the defendant argues that (1) he should be permitted to withdraw his guilty plea because his plea was involuntary and the three-year sentence of imprisonment imposed following the revocation of his probation violated his rights to due process and fundamental fairness, (2) the circuit court failed to admonish him in substantial compliance with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) in accepting his admission to the contents of the petition to revoke probation, and (3) he is entitled to $675 in monetary credit for 135 days spent in presentence custody to be applied against his fines.

¶ 2                              I. BACKGROUND

¶ 3    The defendant was charged with four counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(A), (d)(1)(H), (d)(2)(A), (d)(2)(B) (West 2014)). At an arraignment hearing, the court advised the defendant that two of the aggravated DUI charges were Class 2 felonies which carried a possible term of imprisonment of 3 to 14 years. The court advised the defendant that the other two aggravated DUI charges were Class 4 felonies that carried a possible term of imprisonment of one to six years.

¶ 4    On February 11, 2016, the defendant entered a fully negotiated plea agreement in which he pled guilty to one count of aggravated DUI, charged as a Class 2 felony, in exchange for a sentence of 24 months' probation and the State's dismissal of the remaining charges. Before accepting the defendant's plea, the court advised the defendant that the aggravated DUI charge was a Class 2 felony "carrying up to two years in the Department of Corrections [(DOC)]." The defendant indicated that he still wished to plead guilty. The court accepted the defendant's plea. The court also ordered the defendant to pay $2762 in monetary assessments, including a $1000 DUI law enforcement fine. The defendant did not file a motion to withdraw his guilty plea or a notice of appeal.

¶ 5    On April 7, 2016, the State filed a petition to revoke probation, alleging that the defendant violated the terms of his probation by failing to report to the probation department as ordered.

¶ 6    At a hearing on December 12, 2016, the defendant admitted the allegations contained in the petition to revoke probation. The record contains a written admission, signed by the defendant, stating that the defendant (1) admitted the allegations in the petition, (2) waived his right to a hearing by the court, (3) waived his right to confront and cross-examine witnesses that would testify against him, and (4) subjected himself to the penalty that would be imposed by the court.

¶ 7    The following exchange occurred at the hearing:

"THE COURT: All right. He is admitting to—

Mr. Curry, you are—do you understand that there is no agreement? You are admitting to the petition to revoke probation that was filed back [on] April the 7th, 2016, that you failed to report to the Will County Probation Department as ordered. You're waiving your right to a hearing to this petition to revoke in those paragraphs, is that correct?

THE DEFENDANT: Yes.

THE COURT: Okay. You're waiving your right to confront and cross examine witnesses who would testify against you and subject yourself to the penalties that shall be imposed. You're doing this of your own free will and volition?

THE DEFENDANT: Yes."

¶ 8     The parties proceeded to make arguments as to sentencing. While discussing sentencing, the court noted that the charge was a Class 2 felony. The court stated: "So that's three to seven years in the [DOC]." The court resentenced the defendant to three years' imprisonment.

¶ 9                                II. ANALYSIS

¶ 10                           A. Vacatur of Guilty Plea

¶ 11     The defendant argues that we should vacate his guilty plea and sentence. Specifically, the defendant contends that his guilty plea was involuntary and his three-year sentence of imprisonment violates fundamental fairness and due process because the court incorrectly advised him at his plea hearing that he was facing a maximum sentence of two years' imprisonment. The defendant acknowledges that the lowest sentence permissible by statute is three years' imprisonment. The defendant argues that because his sentence may not be lowered to two years' imprisonment to comply with the court's incorrect admonishment, the proper remedy is withdrawal of his guilty plea.

¶ 12     The State argues that we lack jurisdiction to vacate the defendant's guilty plea on appeal from the court's order revoking the defendant's probation. We first consider the State's jurisdictional argument.

¶ 13     Where, as here, the defendant has entered a fully negotiated guilty plea, he may not appeal the judgment entered upon the guilty plea without filing a motion to withdraw the plea within 30 days of sentencing. Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). If the motion is denied, the defendant must then file a notice of appeal in the circuit court within 30 days or may file a late notice of appeal in the appellate court under certain circumstances. *Id.*; Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014). "The timely filing of a Rule 604(d) motion and a notice of appeal are jurisdictional prerequisites to a review of defendant's guilty plea." *People v. Dieterman*, 243 Ill. App. 3d 838, 841 (1993); see also *In re J.T.*, 221 Ill. 2d 338, 346 (2006) ("[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction."); *People v. Stueve*, 66 Ill. 2d 174, 178-79 (1977) (holding that the appellate court could not consider the original judgments entered on the defendant's guilty pleas on appeal from the revocation of probation where the defendant failed to file a notice of appeal from those judgments).

¶ 14     "The general rule is that where no direct appeal was taken from the original order of probation and the time for appeal had expired, a court will be later precluded from collaterally reviewing the propriety of that initial order in an appeal from the revocation of that probation." *In re T.E.*, 85 Ill. 2d 326, 333 (1981). If the original order of probation is void, however, it may be collaterally attacked on appeal from the revocation of probation. *Id.*; see also *J.T.*, 221 Ill. 2d at 344; *Stueve*, 66 Ill. 2d at 178; *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001) ("[W]hen the steps set forth in Rules 604 and 606 were not taken and the defendant seeks relief from his conviction only after probation is revoked, the appellate court is without jurisdiction to review the underlying judgment unless that judgment is void.").

¶ 15    Here, the defendant did not file a timely motion to withdraw his guilty plea or notice of appeal from the original judgment entered upon his guilty plea, which are jurisdictional prerequisites to review of the plea. See *Dieterman*, 243 Ill. App. 3d at 841; *J.T.*, 221 Ill. 2d at 346-47; *Stueve*, 66 Ill. 2d at 178. The underlying judgment of conviction, based on the defendant's guilty plea, was not rendered void by the court's incorrect admonishment at the guilty plea hearing that the defendant faced a possible sentence of up to two years' imprisonment. "[A] judgment is void only if it was entered by a court lacking jurisdiction." *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 12. The defendant does not argue that the incorrect admonishment somehow divested the court of jurisdiction, but rather argues that the incorrect admonishment rendered his plea involuntary. However, "[v]oluntariness or involuntariness of a guilty plea has no bearing on jurisdiction, so that an involuntary plea cannot render a conviction void." *Id.* Because the defendant failed to appeal the original judgment entered pursuant to his guilty plea and has not shown that this judgment is void, we do not have jurisdiction to vacate the defendant's guilty plea on appeal from the order revoking his probation and resentencing him to three years' imprisonment. See *Speed*, 318 Ill. App. 3d at 915.

¶ 16    In reaching our holding, we acknowledge the authority cited by the defendant in which courts have lowered sentences on appeal from the revocation of probation where the circuit courts had failed to accurately admonish the defendants regarding the applicable sentencing ranges during their guilty plea hearings. See, *e.g.*, *People v. Taylor*, 368 Ill. App. 3d 703, 709 (2006) (holding that the extended-term sentence imposed after the revocation of probation should be reduced to the maximum nonextended-term sentence because the record did not show that the defendant knew he could receive an extended-term sentence at the time of his guilty plea); *People v. Johns*, 229 Ill. App. 3d 740, 743-44 (1992) (reversing the sentence of six years' imprisonment imposed after the revocation of probation and remanding for resentencing in accordance with the circuit court's admonishment at the guilty plea hearing that the defendant faced a maximum sentence of five years' imprisonment); *People v. Willingham*, 38 Ill. App. 3d 612, 615 (1976) (holding that consecutive sentences could not be imposed after the revocation of probation where the defendant was not admonished prior to his guilty plea that consecutive sentences might be imposed); *People v. Jackson*, 13 Ill. App. 3d 232, 235-36 (1973) (holding that the indefinite term of 2 to 10 years' imprisonment imposed after the revocation of probation should be reduced to a maximum of 5 years' imprisonment where the circuit court incorrectly stated at the guilty plea hearing that the sentencing range was 1 to 5 years' imprisonment).

¶ 17    Unlike in the above cases, the defendant does not seek a reduction in the sentence imposed after the revocation of his probation but rather seeks to have his guilty plea vacated. None of the cases cited by the defendant stand for the proposition that we have the authority to vacate the defendant's guilty plea on appeal from an order revoking the defendant's probation, even to remedy the circuit court's incorrect sentencing admonition.[1] In fact, the *Taylor* court noted

---

[1]In one case cited by the defendant, *People v. Butler*, 186 Ill. App. 3d 510, 521-22 (1989), the appellate court vacated the defendant's sentence and plea where the defendant was sentenced to consecutive terms of imprisonment after the revocation of his probation without having been advised at the time of his plea that consecutive sentences were possible. However, *Butler* is distinguishable in that it involved a claim of ineffective assistance of counsel on appeal from the denial of the defendant's

- 4 -

that the remedy of allowing the defendant to withdraw his guilty plea was unavailable in that case because a defendant appealing the revocation of his probation may not challenge the underlying conviction in probation revocation proceedings. *Taylor*, 368 Ill. App. 3d at 708.

¶ 18    We recognize that in the instant case, unlike in the cases cited by the defendant, it is not possible to reduce the defendant's sentence of imprisonment so that it complies with the admonitions given by the circuit court at the guilty plea hearing because the minimum sentence allowed by statute is three years' imprisonment. However, as we previously discussed, we do not have authority to vacate the defendant's guilty plea on appeal from the circuit court's order revoking his probation and resentencing him to three years' imprisonment.

¶ 19                    B. Compliance With Illinois Supreme Court Rule 402A

¶ 20    The defendant argues that the circuit court failed to substantially comply with Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) in accepting his admission to the contents of the petition to revoke probation. Rule 402A(a) provides:

> "The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
> (1) the specific allegations in the petition to revoke probation ***;
>
> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
>
> (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
>
> (4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;
>
> (5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation *** so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and
>
> (6) the sentencing range for the underlying offense for which the defendant is on probation ***." *Id.*

¶ 21    The defendant contends that the court failed to substantially comply with Rule 402A(a) because it failed to advise him that he had a right to present witnesses and evidence on his own behalf at a hearing on the petition to revoke and that the State had the burden of proving the alleged probation violation by a preponderance of the evidence. The defendant contends that, although the court appointed counsel and stated there would be a hearing on the petition, the court failed to admonish the defendant that he had the right to the assistance of an attorney at a

---

postconviction petition rather than a request to vacate the defendant's guilty plea on appeal from probation revocation proceedings, as in the instant case.

hearing where the State had the burden of proving the allegations in the petition to revoke probation. The defendant also argues that the court never determined that the defendant understood the applicable sentencing range, and the record does not show that the defendant understood the applicable sentencing range.

¶ 22    The State agrees that the circuit court committed the admonishment errors raised by the defendant, but argues that the issue was forfeited and that neither prong of the plain error doctrine applies. However, we find that the defendant's claim that the circuit court failed to admonish him in substantial compliance with Rule 402A(a) was not subject to forfeiture. We find the reasoning in *In re Westley A.F.*, 399 Ill. App. 3d 791, 795 (2010), to be persuasive on this point. In *Westley A.F.*, the court held that the defendant's claim that the circuit court failed to admonish him in substantial compliance with Rule 402A(a) was not subject to forfeiture. *Id.* The court reasoned that it could not " 'place the onus on [respondent] to ensure his own admonishment in accord with due process.' " *Id.* (quoting *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)).

¶ 23    Having found that the defendant's claim is not subject to forfeiture, we find that the record supports the defendant's argument that the circuit court failed to substantially comply with Rule 402A(a). The court failed to advise the defendant that he had a right to present witnesses and evidence on his own behalf at the hearing on the petition to revoke, the State had the burden of proving the alleged probation violation by a preponderance of the evidence, and the defendant had the right to the assistance of an attorney at an evidentiary hearing where the State had the burden of proving the allegations in the petition to revoke. Also, although the court mentioned the sentencing range during the hearing, the court did not ascertain that the defendant understood the sentencing range. Given the court's incorrect admonishment regarding the sentencing range at the guilty plea hearing, we cannot infer from the record that the defendant understood the applicable sentencing range at the time he admitted to the allegations in the petition to revoke probation. Because the court failed to substantially comply with Rule 402A(a), we vacate the order revoking the defendant's probation and remand the matter for new admonishments and further probation revocation proceedings, as necessary.

¶ 24                          C. $5-Per-Day Monetary Credit

¶ 25    The defendant argues that $675 in monetary credit should be applied against his fines for 135 days spent in presentence custody pursuant to section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2014)). The defendant contends that the circuit court imposed over $1000 in fines, including the DUI law enforcement fine in the amount of $1000 (625 ILCS 5/11-501.01(f) (West 2014)). The State concedes that the circuit court assessed more than $1000 in fines and that the defendant is entitled to monetary credit against his fines in the amount of $675. After reviewing the record and the applicable law, we accept the State's concession. We remand the matter for application of the monetary credit against the defendant's fines.

¶ 26                                III. CONCLUSION

¶ 27    The judgment of the circuit court of Will County is vacated. The cause is remanded with directions that the court (1) admonish the defendant in substantial compliance with Rule 402A, (2) allow the defendant to withdraw his admission to the petition to revoke probation, (3) hold further probation revocation proceedings consistent with this disposition, as necessary, and

(4) apply $675 in monetary credit against the defendant's applicable fines.

¶ 28        Vacated and remanded with directions.