2023 IL App (4th) 220357

NO. 4-22-0357

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| KRISTEN R. ANDERSON, | ) | No. 18CF137 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Alan D. Tucker, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Justices Turner and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Kristen R. Anderson, pleaded guilty to a drug offense, for which the
circuit court of Mason County sentenced her to probation. After she violated conditions of her
probation, the court revoked probation and resentenced her to imprisonment. In the probation
revocation case, she raised a *pro se* claim that plea counsel rendered ineffective assistance in the
underlying proceeding by advising her to plead guilty. Pursuant to *People v. Krankel*, 102 Ill. 2d
181 (1984), the court appointed substitute defense counsel. After performing an investigation,
substitute counsel advised the court that the *pro se* claim lacked merit. The court discharged
substitute counsel and on the ground of untimeliness, struck the *pro se* motion in which defendant
had raised her claim of ineffective assistance. Defendant appeals from the judgment in the
probation revocation case, arguing that the court and substitute counsel failed to satisfy *Krankel*.
We hold that the court was correct to strike the *pro se* motion, for the court lacked jurisdiction to

consider it. Because the court likewise lacked jurisdiction to appoint substitute counsel in response to the *pro se* motion, the order in which the court did so is void. Therefore, we vacate the order that appointed substitute counsel.

¶ 2                    I. BACKGROUND

¶ 3          On June 6, 2019, defendant entered a fully negotiated guilty plea to one count of possessing, with the intent to deliver, methamphetamine weighing more than 5 grams but less than 15 grams, a Class 1 felony. See 720 ILCS 646/55(a)(1), (2)(B) (West 2018). That day, pursuant to the plea agreement, the circuit court sentenced her to probation for 30 months.

¶ 4          On October 20, 2021, after hearing evidence on petitions by the State to revoke probation, the circuit court found that defendant had violated conditions of her probation. Therefore, the court revoked probation and on January 6, 2022, resentenced her to four years' imprisonment.

¶ 5          On January 20, 2022, plea counsel filed a motion to reconsider the sentence. In this motion, plea counsel argued that, in view of the hardship on defendant's family, her lack of a prior criminal history, and her medical conditions, four years' imprisonment was too severe a punishment.

¶ 6          On January 24, 2022, defendant filed a *pro se* motion titled "Supplemental Post-Sentencing Motion Alleging Ineffective Assistance of Counsel." Therein, she claimed that plea counsel had rendered ineffective assistance by "erroneously advis[ing] her to *** plead guilty to a more onerous crime after a less than reasonable investigation of the lab reports, disclosed by the State." The motion continued, "Despite the State's disclosure of the lab reports to counsel showing only 4.3 grams of meth[amphetamine], counsel advised [d]efendant to plead guilty to a crime requiring the State to prove 5 to 15 grams of meth[amphetamine]." In other words, judging

by the laboratory report, defendant was guilty of the Class 2 felony of "possess[ing] with intent to deliver less than 5 grams of methamphetamine or a substance containing methamphetamine" (see *id.* § 55(a)(2)(A)) instead of the Class 1 felony (5 to 15 grams) to which defense counsel had advised her to plead guilty (see *id.* § 55(a)(2)(B)).

¶ 7       On January 27, 2022, the circuit court appointed substitute counsel pursuant to *Krankel*.

¶ 8       On March 1, 2022, defendant filed a further *pro se* motion, this one titled "Motion to Withdraw Guilty Plea Based Upon Discovery/*Brady* Violation." In this motion, she took the position that (contrary to her earlier claim) the State had *not* disclosed the laboratory report to the defense. This lack of disclosure, she alleged, was a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and made her guilty plea inadequately informed and invalid.

¶ 9       In a hearing on March 31, 2022, substitute counsel informed the circuit court that, after reviewing the discovery materials, he did "not believe that [plea counsel] was ineffective." In reviewing the police reports, substitute counsel had counted six times when defendant "admitted to delivering more than 5 grams of methamphetamine, including the statement in the police reports [']I sold them 6 grams of dope.['] " Also, substitute counsel had read the transcript of the guilty plea hearing, in which defendant personally expressed agreement with the factual basis that the methamphetamine amounted to six grams. "So," substitute counsel concluded, "in my investigation, I believe that [plea counsel] was effective, did provide effective counsel, and that the *Krankel* should be denied."

¶ 10      Defendant responded, "Well, your Honor, I can't agree with that. I may have believed that there was that much there, but the lab reports clearly indicate that there was not. Obviously I was using it, under the influence of drugs, selling drugs, making bad decisions."

¶ 11    Substitute counsel retorted, "Your Honor, just to address the state police lab report, I believe [plea counsel] stated she had not previously seen that prior to the guilty plea. I believe that is the basis for the motion. So I don't think that supports the *Krankel* violation."

¶ 12    After discharging substitute counsel, the circuit court decided that any motion having to do with the guilty plea of June 6, 2019, was untimely. The court reminded defendant that, in the guilty plea hearing, he "advised [her,] on the record[,] that [she] had 30 days in which to file [her] motion to withdraw [her] plea of guilty." Those 30 days, the court observed, "have long since passed." Accordingly, while acknowledging that defendant "may have other remedies," the court struck and explicitly disregarded the untimely *pro se* motions. Specifically, the court said, "The Court will strike and disregard the January 26 [*sic*], 2022, supplemental post-sentencing motion alleging ineffective assistance of counsel, as well as the motion to withdraw guilty plea based on discovery/*Brady* violation filed March 1st of 2022."

¶ 13    Then, after hearing arguments on plea counsel's motion to reconsider the sentence, the circuit court denied that motion, refusing to reduce the sentence of four years' imprisonment.

¶ 14                    II. ANALYSIS

¶ 15    Defendant appeals because, as she puts it, no "appropriate evidentiary hearing" was held on her *pro se* claim that plea counsel had rendered ineffective assistance. Instead of representing her, defendant complains, substitute counsel served as "an investigator for the court." After performing his investigation, substitute counsel argued against the *pro se* claim, just as a prosecutor might have done. Advocating against the claim of ineffective assistance was, in defendant's view, further ineffective assistance. Consequently, defendant urges us to remand this case for further proceeding pursuant to *Krankel*—and to include, with our remand, directions that new substitute counsel be appointed and that he or she follow the procedures in *People v. Downs*,

- 4 -

2017 IL App (2d) 121156-C, ¶ 94, and *People v. Kyles*, 2020 IL App (2d) 180087, ¶ 48. That is, if the new substitute counsel is unable to make a nonfrivolous argument in support of the *pro se* claim of ineffective assistance of plea counsel, he or she should file a written motion for withdrawal that explains why the claim lacks merit.

¶ 16 The State counters that, essentially, defendant is challenging her guilty plea and that because she never complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), her challenge is barred. Under Rule 604(d), "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court *** a motion to withdraw the plea of guilty and vacate the judgment." *Id.* The final judgment in a criminal case is the sentence. *People v. Abdullah*, 2019 IL 123492, ¶ 19. On June 6, 2019, immediately after defendant entered her negotiated guilty plea, the circuit court sentenced her to 30 months of probation. As the court admonished her in the guilty-plea hearing, she could appeal from that judgment only if, within 30 days, she filed a motion to withdraw her guilty plea. She never did so.

¶ 17 Actually, the problem with this appeal goes deeper than noncompliance with Rule 604(d). The circuit court lacked jurisdiction to hold the *Krankel* proceedings. As the supreme court made clear in *People v. Patrick*, 2011 IL 111666, ¶ 39, a defendant does not have forever to raise a *Krankel* claim. The supreme court noted that, "once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a *Krankel* motion raising a *pro se* claim of ineffective assistance of counsel." *Id.* The filing of a notice of appeal is not the only way a circuit court can lose jurisdiction. Absent the filing of a timely postjudgment motion, a circuit court's jurisdiction automatically expires 30 days after the final judgment. *People v. Lake*, 2020 IL App (1st) 170309, ¶ 14. For that reason, "[i]n an appeal from an order revoking a defendant's

probation, the court cannot consider the correctness of the underlying judgment of conviction unless that judgment is void." *People v. Dieterman*, 243 Ill. App. 3d 838, 841 (1993). Defendant does not claim that the underlying judgment of conviction is void. Rather, in this probation revocation appeal, she claims that, because plea counsel rendered ineffective assistance, the underlying judgment of conviction is incorrect. Because the circuit court lacked jurisdiction to entertain this *Krankel* claim, the court was right to strike the *pro se* motion raising this claim.

¶ 18       In addition, we vacate the order of January 27, 2022, appointing substitute counsel pursuant to *Krankel*. See *People v. Shunick*, 2022 IL App (4th) 220019, ¶ 24. We have an independent duty to vacate void orders. See *In re N.G.*, 2018 IL 121939, ¶ 18. In this probation revocation case, the circuit court lacked jurisdiction to evaluate the correctness of the underlying judgment of conviction. See *Dieterman*, 243 Ill. App. 3d at 841. Substitute counsel was appointed to evaluate the correctness of the underlying judgment of conviction by determining whether it resulted from ineffective assistance. That purpose was beyond the circuit court's jurisdiction in a probation revocation proceeding. Hence, the order appointing substitute counsel is void. See *People v. Bailey*, 2014 IL 115459, ¶ 28.

¶ 19                                III. CONCLUSION

¶ 20       For the foregoing reasons, we vacate the circuit court's order of January 27, 2022, appointing substitute counsel pursuant to *Krankel*.

¶ 21       Order vacated.

*People v. Anderson*, 2023 IL App (4th) 220357

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Mason County, No. 18-CF-137; the Hon. Alan Tucker, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Joshua Scanlon, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Zachary A. Bryant, State's Attorney, of Havana (Patrick Delfino, David J. Robinson, and Douglas Malcolm, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |