2025 IL App (4th) 241140-U

NO. 4-24-1140

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
September 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| MATTHEW J. BROWN, | ) | No. 21CF334 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Harris and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court (1) reversed the trial court's ruling it lacked jurisdiction to
consider defendant's motion for a new trial and remanded the matter for the court
to address the motion on the merits, (2) affirmed the court's dismissal of
defendant's motion for a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181
(1984), and (3) applied the one-act, one-crime rule to vacate defendant's aggravated
criminal sexual abuse conviction.

¶ 2    Defendant, Matthew J. Brown, was convicted of criminal sexual assault (720 ILCS
5/11-1.20(a)(1) (West 2020)) and aggravated criminal sexual abuse (*id.* § 11-1.60(a)) after a bench
trial. Defendant retained new counsel for sentencing. Fifteen days after the trial court entered
sentences for both offenses, and three days before counsel filed a motion for reconsideration of the
sentence, counsel filed a motion for a new trial or other relief, which, in large part, asserted
ineffective assistance by trial counsel. While both these motions were pending, defendant filed a
*pro se* motion for a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), on claims that

trial counsel had been ineffective (*pro se* motion); this motion incorporated by reference the motion for a new trial. The court struck the motion for a new trial on the basis that it lacked jurisdiction to address it and denied the *pro se* motion.

¶ 3 In this appeal, defendant argues that (1) the trial court had jurisdiction to consider the motion for a new trial and should address the motion's merits, (2) the court should not have denied the *pro se* motion without an inquiry into the basis for his claim of ineffective assistance of counsel, and (3) we should vacate his conviction of aggravated criminal sexual abuse pursuant to the one-act, one-crime rule. For the reasons that follow, we (1) reverse the court's order striking the motion for a new trial and remand the matter for the court to decide the motion on its merits, (2) affirm the dismissal of the *pro se* motion, and (3) vacate defendant's aggravated criminal sexual abuse conviction and its associated sentence.

¶ 4 I. BACKGROUND

¶ 5 The State charged defendant with the two offenses of which he was convicted. The first count of the information charged defendant with an act of forcible sexual penetration against E.M. The second count charged defendant with an act of sexual penetration of E.M. when he was more than five years older than E.M. and E.M. was at least 13 years old but less than 17 years old. Both charges alleged the charged acts occurred "on or about Augst 28, 2020," and did not suggest the occurrence of more than one act.

¶ 6 Appointed counsel entered her appearance for defendant on September 23, 2021. Defendant waived his right to a jury trial.

¶ 7 Defendant had a bench trial on March 4, 2024. The State presented evidence of a single act of sexual penetration. The trial court did not admonish defendant that he had the personal right to decide whether he would testify, and he did not testify. On March 13, 2024, the court

entered a written decision finding defendant guilty of both offenses. Appointed counsel did not file a posttrial motion.

¶ 8 Sentencing was set for May 1, 2024, and then, on May 1, reset for June 26, 2024. On May 23, 2024, the trial court allowed counsel defendant had retained to substitute for his appointed counsel. Retained counsel then moved to further continue the sentencing. At a June 26, 2024, hearing, the court set the sentencing for July 11, 2024. It expressed its understanding of both the State's unhappiness with the continued delays and with retained counsel's need to obtain a trial transcript and otherwise familiarize herself with the case.

¶ 9 On July 11, 2024, the trial court sentenced defendant to consecutive terms of imprisonment of five years and six months and three years and six months for his convictions of criminal sexual assault and aggravated criminal sexual abuse, respectively.

¶ 10 On July 26, 2024, retained counsel filed a "Motion for New Trial/Judgment to Set Aside Verdict and Conviction" (posttrial motion). The posttrial motion raised an issue of whether a stipulation as to defendant's age was proper, an issue of whether the in-court identification of defendant was properly documented, and five issues relating to ineffective assistance of counsel.

¶ 11 Defendant first asserted:

> "Trial Counsel ineffectively advised him to not take the stand. [Counsel did so]
> because [defendant] would be admitting to [aggravated criminal sexual abuse]. ***
>
> The Defendant contends that he told Trial Counsel as to the consensual
> nature of the encounter and the facts and circumstances surrounding it. *** The
> Defendant contends that Trial Counsel never discussed with him the affirmative
> defense [that he reasonably believed the victim to be at least 17 years old]. The

Defendant only found out about the existence of this affirmative defense [when he retained counsel].

> The Defendant contends that he did not fully understand that it was his decision to not testify, and that he did not belief [*sic*] he could speak directly to the Court. Therefore, he followed Trial Counsel's instruction. Had the Defendant been made aware of this affirmative defense, he would have testified and addressed the Court."

The cases cited in the motion related to the requirements for defendant's knowing relinquishment of his right to testify.

¶ 12     Defendant also asserted that "Trial Counsel ineffectively advised him concerning possible defenses." Defendant reiterated that counsel did not inform him it would be a defense to aggravated criminal sexual abuse that he reasonably believed E.M. was at least 17 years old. Further, "[h]ad the Defendant been made aware of [the] affirmative defense [of consent to the charge of criminal sexual assault], he would have testified." Defendant asserted, "Had [he] been made aware of this affirmative defense, he would have testified [to the consensual nature of the encounter]," and the affirmative defense, when raised, would have been evidence sufficient for a trier of fact to weigh. The failure to allow the trial court to consider this "affirmative defense" "equates to extreme prejudice on behalf of the defendant." The cases defendant cited on this issue related to a defendant's entitlement to jury instructions on affirmative defenses.

¶ 13     Defendant further asserted that (1) appointed counsel was ineffective for failing to investigate exculpatory evidence he had described to her and (2) appointed counsel failed to raise specified evidentiary matters.

¶ 14 On July 29, 2024, retained counsel filed a motion to reconsider the sentence; it stated that the trial court failed to "sufficiently consider[ ]" defendant's "lack of criminality" and asked the court to further consider the matters raised in the motion for a new trial.

¶ 15 On August 7, 2024, defendant filed his *pro se* motion seeking a *Krankel* hearing. He asserted appointed counsel was ineffective and "request[ed] that those arguments set forth in the motion for a new trial and motion to reconsider be made a part of this request."

¶ 16 Also on August 7, 2024, the State filed a motion to strike the posttrial motion. It noted that, under section 116-l(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-l(b) (West 2024)), a motion for a new trial must be filed within 30 days of "the entry of a finding or the return of a verdict," and defendant's motion was filed "approximately 135 days after [the] verdict."

¶ 17 On August 26, 2024, the trial court conducted a hearing on all pending motions. The State argued the untimeliness of defendant's motion for a new trial deprived the court of jurisdiction to consider it. Defense counsel argued the merits of the motion for a new trial. She argued that the affirmative defense of consent was "so critical to the defense that its omission denied [defendant] a fair trial." Defendant, although present, was not invited to argue his *pro se* motion, nor did he seek to do so.

¶ 18 On September 4, 2024, the trial court entered an order deciding all three motions then pending. It denied the *pro se* motion on its merits. It noted "confus[ion]" concerning defendant's having filed the motion *pro se* while represented by counsel. However, it ruled that the "allegations [were] matters of trial strategy" and, thus, "simply [were] not sufficient to require any further action." It also granted the State's motion to strike the posttrial motion. It ruled that it lacked jurisdiction to consider the posttrial motion. Citing, *inter alia*, *People v. Allen*, 71 Ill. 2d

378 (1978), and *People v. Talach*, 114 Ill. App. 3d 813 (1983), it found, "While this court may have had the discretion to hear the [posttrial] motion outside 30 days after the finding of guilt, it lacked jurisdiction to hear the motion after the sentencing hearing." Finally, it denied the motion to reconsider the sentence.

¶ 19     This appeal followed.

¶ 20                              II. ANALYSIS

¶ 21     On appeal, defendant makes three claims of error. One, the trial court erred in striking the posttrial motion for lack of jurisdiction. Specifically, he maintains that the court would have heard it on the merits, had it known it possessed the discretion to do so. Two, the court erred in failing to conduct a preliminary *Krankel* inquiry based on defendant's *pro se* motion. Three, he contends, as a matter of second-prong plain error, that under the one-act, one-crime rule, the court erred in entering two convictions based on a single act of sexual penetration. The State responds that (1) although defendant is correct the trial court had jurisdiction to consider the posttrial motion, it would have dismissed the motion as untimely; (2) because defendant was represented by counsel when he filed the *pro se* motion, we should treat the motion as improperly filed and decline to address its merits; and (3) defendant is correct that the one-act, one-crime rule requires vacatur of one conviction. The State also makes alternative arguments relating to the first two issues.

¶ 22                              A. The Motions

¶ 23          1. *Which of the Motions Were Properly Before the Trial Court*?

¶ 24                              a. The Posttrial Motion

¶ 25     We agree with the parties that the trial court had jurisdiction to consider defendant's posttrial motion. We review *de novo* issues of jurisdiction. *People v. Abdullah*, 2019 IL 123492,

¶ 18. The court's ruling on the posttrial motion implied the court had lost jurisdiction to address the posttrial motion but otherwise retained jurisdiction. That position is inconsistent with current jurisdictional doctrine but is consistent with the way many Illinois courts understood jurisdiction prior to our supreme court's decisions in *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), and its progeny, which includes *People v. Castleberry*, 2015 IL 116916. Our older cases frequently held " 'that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction.' " *Id.* ¶ 13 (quoting *People v. Davis*, 156 Ill. 2d 149, 156 (1993)). This, the " 'inherent power' notion of jurisdiction," is irreconcilable with our state constitution (*id.* ¶ 18), which grants to trial courts jurisdiction of "all justiciable matters" (Ill. Const. 1970, art. VI, § 9). Thus, the circumstances in which the trial court in a criminal case can enter one class of order but not others are rare exceptions not present here.

¶ 26        To be sure, a trial court's jurisdiction can lapse. However, when it does lapse, it lapses almost entirely. Absent the filing of a timely postjudgment motion, a trial court's jurisdiction automatically expires 30 days after the final judgment (*People v. Anderson*, 2023 IL App (4th) 220357, ¶ 17), which, in a criminal case, is the sentence (*People v. Salem*, 2016 IL 118693, ¶ 12). To be timely, a motion challenging the sentence must be filed within 30 days of the sentence's imposition. See 730 ILCS 5/5-4.5-50(d) (West 2024). Because the court must have jurisdiction when it grants a motion challenging a sentence, the filing of a timely motion challenging the sentence extends the court's jurisdiction in the proceeding. See *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 5 (holding the timely filing of a motion to reconsider the sentence extended the court's jurisdiction). Here, defendant filed a timely motion for reconsideration of the sentence. Thus, when the court ruled on the posttrial motion and the *Krankel* motion simultaneously with its ruling on the postsentencing motion, it had jurisdiction to consider all three

motions, and it therefore erred in striking the posttrial motion.

¶ 27                                    b. Defendant's *Pro Se* Motion for a *Krankel* Hearing

¶ 28            The State argues that, because defendant had counsel, the trial court should not have entertained defendant's *pro se* motion for a *Krankel* hearing. Because the *pro se* motion was not directed against the attorney representing him, we agree. This issue presents a pure question of law, and we thus review it *de novo*. *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 46.

¶ 29            As a rule, a trial court should not consider *pro se* motions filed by defendants who are represented by counsel. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 28. The sole exception is for a defendant's *pro se* motion directed against their counsel's performance. *Id.* That exception does not apply here. An attorney who attempts to argue their own ineffectiveness has a conflict of interest (*People v. Taylor*, 237 Ill. 2d 68, 75 (2010)), but retained counsel here was free to challenge appointed counsel's effectiveness, and indeed did so in the posttrial motion.

¶ 30            As the trial court should not have considered the *pro se* motion, we need not consider defendant's argument the motion created a duty for the court to conduct a preliminary *Krankel* inquiry. See *People v. Moore*, 207 Ill. 2d 68, 79 (2003) ("The law requires the trial court to conduct some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel.").

¶ 31                                    2. *Disposition of the Posttrial Motion*

¶ 32            The parties further agree that the trial court had discretion to either dismiss the posttrial motion as untimely or consider it on its merits. We accept the State's concession on this point, which is supported by the holding in *Talach*, 114 Ill. App. 3d at 818-19. Nevertheless, the parties disagree about the outcome. Defendant argues, as a matter of fairness, we should remand the matter for a full rehearing on the motion's merits. The State argues for three alternatives. First,

- 8 -

it contends the court's error in striking the motion was harmless because it would have exercised its discretion to dismiss the motion as untimely. Second, it implies that, if we remand the matter, the court should have discretion to either dismiss the motion or hear it on the merits. Third, it argues the hearing on the motion was sufficient and we should remand for a new ruling only.

¶ 33 We conclude, under the unusual circumstances presented here, our remand should be for a hearing on the merits.

¶ 34 We do not agree with the State that it is clear the trial court would have exercised its discretion to dismiss the posttrial motion as untimely. We note the posttrial motion and defendant's *pro se* motion were effectively identical, as the *pro se* motion was, in substance, a single line incorporating the posttrial motion by reference. (The *pro se* motion also incorporated the motion to reconsider the sentence, but the incorporation of that motion had no relevance to the trial court's ruling on the *pro se* motion and is not relevant here.) In the same order in which it struck the posttrial motion for lack of jurisdiction, it chose to address the *pro se* motion over its misgivings: "Th[e *pro se*] motion is confusing *** [because, *inter alia*, the] motion was filed *pro se* but the defendant was represented by [retained counsel] when it was filed and she appeared for the motion hearing." If anything, the court's actions suggest that it was exercising its discretion to ensure defendant's claims were heard on the merits.

¶ 35 Further, the trial court's decision to address defendant's claims was the fair choice, even if the court was incorrect about which motion it could consider. A defendant's ability to raise a claim of ineffective assistance in the original proceeding should not depend on whether they have retained counsel to assist them in presenting the claim. Defendant's attempts here to challenge the performance of trial counsel were unusual only in that he had retained counsel to raise that challenge. In *Krankel* and its progeny, Illinois has developed a large body of authority that

addresses how a court should proceed when a defendant who is represented by their original counsel raises a challenge to adequacy of their counsel's performance, usually by filing a *pro se* motion. See, *e.g.*, *Moore*, 207 Ill. 2d at 77-79 (describing the procedure by which a court determines whether such a defendant is entitled to new appointed counsel).

¶ 36　　　　This body of law is, naturally enough, in large part inapplicable to a defendant who *already* has retained new counsel to raise a claim that their previous counsel was ineffective. Retained counsel and the trial court thus had limited guidance relating to the proper procedure. Counsel might reasonably have been uncertain how to present defendant's claims to the court by a means which would *require* the court to address them. Normal motions are subject to dismissal for untimeliness under section 116-1(b) of the Code (725 ILCS 5/116-1(b) (West 2024)) if they are filed more than "30 days following the entry of a finding or the return of a verdict." In *People v. Patrick*, 2011 IL 111666, ¶¶ 29-42, our supreme court held that section 116-1(b) does not apply to *pro se* motions alleging ineffective assistance of trial counsel. We are inclined to conclude the holding in *Patrick* should extend to similar motions filed by newly retained counsel: a defendant's ability to replace allegedly ineffective trial counsel should not impair their ability to raise his claim of ineffectiveness. However, we are not inclined to fault retained counsel for failing to rely on this potential extension of *Patrick* but instead working with law she knew.

¶ 37　　　　Retained counsel raised the claims in a filing named and structured as a posttrial motion. This motion was subject to dismissal for untimeliness.

¶ 38　　　　Retained counsel also evidently prepared the *pro se* motion on defendant's behalf and, indeed, most likely filed it for him. The prayer for relief in the motion to reconsider the sentence, the last motion retained counsel filed before the *pro se* motion was filed, stated, "WHEREFORE, the Defendant respectfully requests this Honorable Court to reconsider the

sentence previously imposed." The *pro se* motion's prayer for relief stated, "I respectfully request this Honorable Court to reconsider the sentence previously imposed." The motion was in a format indistinguishable from those prepared by retained counsel. It was signed in type "/s/ Matthew Brown," and it appears to have been electronically filed.

¶ 39     These two filings were not wholly satisfactory solutions to the question of how a defendant with a new attorney should raise the kind of claim a defendant can raise under *Krankel* and its progeny. However, in the circumstances here, we deem the only fair choice was to address one motion on the merits. The only motion that could be addressed on the merits was the posttrial motion. We therefore hold the trial court should address that motion on the merits.

¶ 40     The State contends the posttrial motion has already been adequately argued in the trial court and asks that we remand it for a decision only. We will not tie the court's hands on this point. Defendant contends the "allegations [in the motion] were somewhat ambiguous." We are inclined to agree, at least as to certain points. The claims defendant discusses in his brief appear to intermix matters of ineffective assistance of counsel as such with claims that, due to the advice of counsel, defendant was unaware of his right to testify. If the court deems matters might be clarified by allowing a response and a reply to the motion, we will not prevent it.

¶ 41     The State also indirectly asserts that the parts of the posttrial motion concerning the adequacy of appointed counsel's representation were subject to dismissal on the merits. It asserts the following concerning the *pro se* motion:

> "The trial court properly relied upon its own knowledge of the case in rejecting defendant's *pro se* claims that simply adopted [retained counsel's] allegations of ineffective assistance ***. The court was well aware of the allegations *** and had [heard argument on them]. The court thus had an ample

- 11 -

factual basis upon which to conclude that defendant's allegations were matters of judgment or strategy or were without merit. Remand for another *Krankel* hearing is thus not required."

The contention the court had an "ample factual basis upon which to conclude that defendant's allegations were matters of judgment or strategy or were without merit" would equally apply to the claims relating to appointed counsel's performance in the posttrial motion. If we accept the assertion, remand on those claims would be unnecessary. But the State here merely asserts the existence of an ample factual basis. We need not consider such bare assertions. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires a party's brief to contain argument supported by citation to the authority and pages of the record on which relies. See, *e.g.*, *People v. Smith*, 2023 IL App (3d) 230060, ¶ 67. The State's failure to comply with Rule 341(h)(7) is grounds for us to deem the point forfeited. *Id.*

¶ 42                          B. The One-Act, One-Crime Rule

¶ 43          We accept the State's concession that it was error for the trial court to enter two convictions based on a single act of sexual penetration. The parties agree we must vacate defendant's aggravated criminal sexual abuse conviction and its associated sentence.

¶ 44          "The one-act, one-crime rule prohibits convictions for multiple offenses that are based on precisely the same physical act." *People v. Smith*, 2019 IL 123901, ¶ 13. Defendant concedes he forfeited his claim by failing to raise it in the trial court. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (describing the requirements for preserving an issue for appeal). But "plain errors affecting substantial rights may be reviewed on appeal." *Smith*, 2019 IL 123901, ¶ 14. "An alleged one-act, one-crime violation is reviewable under the second prong of the plain-error doctrine because it affects the integrity of the judicial process." *Id.* Whether a violation of the

one-act, one-crime rule has occurred is a question of law and is thus subject to *de novo* review. *Id.* ¶ 15.

¶ 45    Here, the information did not allege multiple acts of penetration. Moreover, the State did not attempt to prove or argue more than one act of penetration occurred. Thus, only one conviction was proper.

¶ 46    When the one-act, one-crime rule has been violated, defendant's "sentence should be imposed on the more serious offense and the less serious offense should be vacated." *People v. Artis*, 232 Ill. 2d 156, 170 (2009). Here, criminal sexual assault as charged is a Class 1 felony (720 ILCS 5/11-1.20(b) (West 2020)) and aggravated criminal sexual abuse as charged is a Class 2 felony (*id.* § 11-1.60(g)). We thus vacate defendant's conviction and sentence for aggravated criminal sexual abuse under the one-act, one-crime rule.

¶ 47                          III. CONCLUSION

¶ 48    For the reasons stated, we (1) reverse the order striking the motion for a new trial and remand the matter for the trial court to decide the motion on its merits, (2) affirm the dismissal of defendant's motion for a *Krankel* hearing, and (3) vacate defendant's aggravated criminal sexual abuse conviction and its associated sentence.

¶ 49    Affirmed in part, reversed in part, and vacated in part; cause remanded.